1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ALLAN TOBIN, | Case No.  1:18-cv-01375-NONE-SAB |
| Petitioner, | DEATH PENALTY CASE |
| v. | FINDINGS AND RECOMMENDATIONS ON RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| RONALD DAVIS, Warden of San Quentin State Prison, | |
| Respondent. | (ECF No. 29) |
| | THIRTY (30) DAY DEADLINE TO OBJECT |

Before the Court is a motion filed on January 30, 2020 by Respondent Warden Ronald Davis, through counsel Deputy Attorney General Galen Farris, to dismiss the petition filed in this proceeding on September 26, 2019 on grounds twelve of the forty-one claims therein are unexhausted.  (ECF No. 29.)

Petitioner Christopher Tobin, through appointed counsel Assistant Federal Defenders Lindsay Bennett and Carrie Ward, filed opposition to the motion on March 13, 2020 arguing the claims at issue either are exhausted or should be deemed exhausted.  (ECF No. 32.)

Respondent replied to the opposition on April 3, 2020.  (ECF No. 33.)

Upon consideration of the parties' filings, the record, and controlling legal authority, the Court makes the following findings and recommendations.

## I.

## BACKGROUND AND PROCEDURAL HISTORY

On January 11, 1990, Petitioner and co-defendant Richard Letner were convicted in Tulare

1

County Superior Court Case No. 26592 of first-degree murder with special circumstances of felony murder-rape, robbery, and burglary in the March 1988 stabbing death of 59-year-old Ms. Ivon Pontbriant.[1]  Also, Petitioner and Letner were convicted on counts of attempted rape, robbery, burglary, and auto theft; Petitioner was convicted of two counts of receipt of stolen property; and Letner was convicted of four separate counts of burglary.

On February 20, 1990, the jury returned death verdicts against Petitioner and Letner.  The trial court entered judgments of death against them on April 24, 1990.

On July 29, 2010, the California Supreme Court affirmed the judgment on direct appeal.  People v. Richard L. Letner and Christopher Allan Tobin, 50 Cal. 4th 99 (2010).

On September 26, 2018, the California Supreme Court summarily denied Petitioner's habeas petition.  In re Tobin, Case No. S151243.

On October 5, 2018, Petitioner began this 28 U.S.C. § 2254 proceeding by filing an application for leave to proceed in forma pauperis and request for appointment of counsel.  (ECF Nos. 1 & 2.)

On September 26, 2019, Petitioner filed his 559-page federal petition stating 41 claims including subclaims supported by 35 exhibits.  (ECF No. 22.)

On November 14, 2019, the Court directed the parties to file any respective motions regarding exhaustion dismissal or stay by not later than January 31, 2020 and set hearing thereon for April 17, 2020.[2]  (ECF No. 26.)

On April 13, 2020, the Court vacated the April 17, 2020 hearing and took Respondent's motion under submission.  (ECF No. 34.)

**II.**

**LEGAL STANDARD**

A federal court may not grant habeas relief until a petitioner has exhausted available state remedies with respect to each claim.  28 U.S.C. § 2254(b); Picard v. Connor, 404 U.S. 270, 272

---

[1] Co-defendant Letner's federal habeas petition is separately pending in this Court and is a related proceeding to this case.  See Letner v. Davis, 18-cv-1459-NONE-SAB.

[2] Petitioner has not moved for exhaustion stay.

(1971).  The exhaustion doctrine rests on principles of comity and federalism.  Rose v. Lundy, 455 U.S. 509, 515 (1982).  Exhaustion serves to: (1) protect the state court's role in the enforcement of federal law; (2) prevent disruption of state court proceedings; and (3) reduce piecemeal litigation. Id. at 518–20.

A federal constitutional claim is exhausted when it has been "fairly presented" to the highest state court and that court has had a meaningful opportunity to apply controlling legal principles to the facts underlying the claim.  Picard, 404 U.S. at 275–77.  A claim has been "fairly presented" if the petitioner described in state court both the legal theories and the operative facts on which he bases the claim.  Id. at 277–78; accord Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1995) (superseded by statute on other grounds as stated in Zapata v. Vasquez, 788 F.3d 1106, (9th Cir. 2015)).  A claim is fairly presented if raised in the petition itself, an accompanying brief, or another similar document filed with the state court.  Gentry v. Sinclair, 705 F.3d 884, 897-98 (9th Cir. 2013).

To fairly present the legal theory of a claim, a petitioner must alert the state court that he is asserting a federal constitutional claim, either by citing the constitutional provision on which he relies or otherwise advising the court of the claim's federal basis.  See e.g., Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (petitioner failed to fairly present Fourteenth Amendment due process claim when he alleged only that prejudice outweighed probative value of admitted evidence); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996) (petitioner did not fairly present Fourteenth Amendment due process claim by asserting that admission of prior act evidence "infringed on his right to present a defense and receive a fair trial"); Picard, 404 U.S. at 277-78 (petitioner must present state courts with same claim he urges upon the federal courts); Baldwin v. Reese, 541 U.S. 27, 33 (2004) (petitioner did not fairly present ineffective assistance of appellate counsel claim when he did not explicitly include those words, cite the relevant federal constitutional provisions, or otherwise cite to cases showing he was making a federal claim); Castillo v. McFadden, 399 F.3d 993, 1002 (9th Cir. 2004) (petitioner did not give state appellate court fair opportunity to rule on federal due process claim by concluding his brief with "scattershot citation of federal constitutional provisions" with no articulated federal legal theory).

The factual basis of a claim has been fairly presented as long as the facts subsequently alleged in federal court do not: (i) fundamentally alter the nature of the claim presented to the state court, (ii) place the claim in a significantly different and stronger evidentiary posture than it was when the state courts considered it, or (iii) substantially improve the evidentiary basis of the claim. See e.g., Vasquez v. Hillery, 474 U.S. 254, 260 (1986); accord Chacon v. Wood, 36 F.3d 1459, 1468 (9th Cir. 1994) (superseded by statute on other grounds as stated in Hall v. City of Los Angeles, 697 F.3d 1059, 1070 (9th Cir. 2012)); Aiken v. Spalding, 841 F.2d 881, 883 (9th Cir. 1988).

Generally, a petitioner may add factual materials supportive of those already in the record without fundamentally altering his claim and rendering it unexhausted.  See e.g., Vasquez, 474 U.S. at 260 (statistical analyses of facts already in record do not render a claim unexhausted); Chacon, 36 F.3d at 1468 (factual basis of claim that interpreter mistranslated guilty plea proceedings was fairly presented where the state court understood accuracy of translation to be at issue).  However, if new facts substantially improve the claim, for example by contradicting evidence the state court already considered, then the new factual materials must be presented to the state court.  See e.g., Aiken, 841 F.2d at 883-84 & n.3 (new evidence consisting of decibel level studies of tape of petitioner's confession, which conflicted with evidence state court had considered, substantially improved evidentiary posture of claim and required exhaustion); Dickens v. Ryan, 740 F.3d 1302, 1317-18 (9th Cir. 2014) (new allegations regarding petitioner's fetal alcohol syndrome and organic brain damage in ineffective assistance of counsel claim substantially improved evidentiary posture of claim and required exhaustion).

Exhaustion may be excused where it would be futile.  28 U.S.C. § 2254(b)(1).  Section 2254 provides two ways around the exhaustion requirement, i.e. where there is "an absence of available State corrective process," or where "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B)(i-ii); see e.g., Edelbacher v. Calderon, 160 F.3d 582, 585 (9th Cir. 1998) (exhaustion required absent an ineffective state process or other extraordinary circumstances showing futility); Sweet v. Cupp, 640 F.2d 233, 236 (9th Cir. 1981) (exhaustion requirement may be avoided by showing that it

would be futile in light of prevailing decisions of highest state court).

In <u>Cullen v. Pinholster</u>, 563 U.S. 170 (2011), the Supreme Court held federal habeas review under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.  <u>See id.</u>, at 180-81 (holding district court erred in considering evidence introduced for first time in federal court).

### III.

### ANALYSIS

### A.    Claim II

Claim II alleges that Petitioner is entitled to a new trial because the "scientific" evidence and "expert" testimony used to convict him was false, misleading, and unreliable.  (ECF No. 22 at 47.)

Respondent argues that Claim II is unexhausted as to allegations of prosecutorial misconduct by presentation of false expert opinion of ABO and PGM blood typing evidence not raised in state court.  Particularly, he contests the portion of Claim II which asserts that:

> In light of <u>In re Richards</u>, 63 Cal. 4th 291, 312-313 (2016), the California legislature passed an amendment to Cal. Pen. Code § 1473(d)(1) (2014), mandating retroactive review of convictions based upon false or misleading expert testimony.  The statute now specifically includes testimony that is either recanted by the testifying expert or debunked by advances in science or technology.  The statutory change codifies the standards set forth in <u>Napue v. Illinois</u>, and was amended to remove any requirement that a petitioner prove the false or misleading [expert testimony] was deliberately introduced.  Whether the experts testified falsely is reviewed for materiality, i.e., whether there is a reasonable probability that, had the evidence not been introduced, the result would have been different.  <u>In re Richards</u>, 63 Cal. 4th at 312-313.
> ….
>
> Per <u>In re Richards</u>, Petitioner must show that (1) the evidence was false and (2) material.  <u>Id.</u>  The amendment to the rule eliminates the requirement that a petitioner must show that the false evidence was knowingly obtained or presented.  The following factual predicate will demonstrate, far beyond Petitioner's prima facie burden, that the hair identification, blood typing and alleged semen evidence were all heavily relied upon by the State to obtain Mr. Tobin's conviction.  Each piece of forensic evidence and testimony was false at the time of trial and has since been debunked as wholly unreliable by science.

(ECF No. 29 at 4-5, citing ECF No. 22 at 48-49, 67.)[3]

---

[3] Page references are to internal pagination unless otherwise stated.

Petitioner responds that he exhausted the contested allegations by seeking relief in state court under Penal Code section 1473 upon facts the prosecution presented false and/or misleading evidence.  (ECF No 32 at 8; see ECF No. 20-1 [the state habeas corpus petition, hereinafter "SHCP"] at 184-85 (alleging prosecutor's purposeful and intentional use of false evidence).)  He argues section 1473 as amended and relied upon by the In re Richards court was available to the state supreme court when it summarily denied his habeas petition.  (ECF No. 32 at 6-7.)  Alternatively, he argues a return to state court on the contested allegations would be futile because a successive petition would be defaulted.  (Id.)

Section 1473 provides that:

(a) A person unlawfully imprisoned or restrained of his or her liberty, under any pretense, may prosecute a writ of habeas corpus to inquire into the cause of his or her imprisonment or restraint.

(b) A writ of habeas corpus may be prosecuted for, but not limited to, the following reasons:

(1) False evidence that is substantially material or probative on the issue of guilt or punishment was introduced against a person at a hearing or trial relating to his or her incarceration.

(2) False physical evidence, believed by a person to be factual, probative, or material on the issue of guilt, which was known by the person at the time of entering a plea of guilty, which was a material factor directly related to the plea of guilty by the person.

(3)(A) New evidence exists that is credible, material, presented without substantial delay, and of such decisive force and value that it would have more likely than not changed the outcome at trial.

(B) For purposes of this section, "new evidence" means evidence that has been discovered after trial, that could not have been discovered prior to trial by the exercise of due diligence, and is admissible and not merely cumulative, corroborative, collateral, or impeaching.

(c) Any allegation that the prosecution knew or should have known of the false nature of the evidence referred to in paragraphs (1) and (2) of subdivision (b) is immaterial to the prosecution of a writ of habeas corpus brought pursuant to paragraph (1) or (2) of subdivision (b).

(d) This section does not limit the grounds for which a writ of habeas corpus may be prosecuted or preclude the use of any other remedies.

(e)(1) For purposes of this section, "false evidence" includes opinions of experts that have either been repudiated by the expert who originally provided the opinion at a hearing or trial or that have been undermined by later scientific research or technological advances.

(2) This section does not create additional liabilities, beyond those already recognized, for an expert who repudiates his or her original opinion provided at a hearing or trial or whose opinion has been undermined by later scientific research or technological advancements.

Penal Code § 1473 (West 2017).

### 1.   The Contested Legal Theory Was Not Fairly Raised in State Court

Respondent argues state court allegations that the prosecutor knowingly presented false evidence under section 1473 and Napue did not alert that court to the contested legal theory which seeks relief under amended Penal Code section 1473 and In re Richards.  (See ECF No. 29 at 5, citing ECF No. 20-1 [SHCP] at 184-215.)

Petitioner responds that his state court references to Penal Code section 1473 and related caselaw were sufficient to alert the state court to the contested legal theory.  (ECF No. 32 at 6-7.) He suggests his state court citation to Kyles v. Whitley, 514 U.S. 419, 437 (1995) and U.S. v. Young, 17 F.3d 1201, 1203-04 (9th Cir. 1994) alerted the state court to a theory under Brady v. Maryland, 373 U.S. 83 (1963) or U.S. v. Bagley, 473 U.S. 667 (1985), that the prosecutor unknowingly presented false forensic evidence.  (See ECF No. 32 at 6-7, citing ECF No. 19-2 [appellant's opening brief hereinafter "AOB"] at claim IV, and ECF No. 20-1 [SHCP] in toto; see also ECF No. 20-1 [SHCP] at 26, 65, 185; ECF No. 20-32 [Supp. to SHCP] at 11-12; ECF No. 20-29 [informal reply re AOB], claim B.)  He also points out the amended version of section 1473 was available to the state supreme court when it ruled on his habeas petition.  (ECF No. 32 at 6.)

The Court finds the contested legal theory is unexhausted.  The contested allegations of false expert opinion rely upon section 1473(e)(1) which was added by amendment that post-dates Petitioner's noted state court filings.  Petitioner has not shown his express or implied state court references to Napue, Kyles, Young, Brady, and Bagley alerted that court to a theory reliant upon section 1473(e)(1) and its modified Napue standard.  (See ECF No. 32 at 6-7; ECF No. 19-2 [AOB] at claims IV, XXVII, XXX; ECF No. 20-1 [SHCP] at claim VII (A-E); see also ECF No. 20-29 [SHCP Inf. Reply] at 58-66.)  Nor does it appear that he argued these cases in support of the contested legal theory.  See Castillo, 399 F.3d at 1003 ("Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory.")

7

Petitioner's incorporation of Claim V allegations that the prosecutor improperly and knowingly relied upon false and misleading evidence in the form of lay testimony does not assist him.  (See ECF No. 22 at 68.)  Petitioner has not demonstrated that Claim V asserts a basis for exhaustion of the contested legal theory.

Petitioner fails to demonstrate by facts or legal authority that the state court was alerted to the contested legal theory solely on grounds Penal Code section 1473 had been amended by the time the state habeas petition was denied in 2018.  (See ECF No. 32 at 6.)  He offers nothing more than surmise in this regard.

2.    The Contested Operative Facts Were Not Raised in State Court

Respondent argues that the contested operative facts of false expert testimony of ABO and PGM blood typing evidence relating to Petitioner and the victim's boyfriend Warren Gilliland were not raised in state court.  (ECF No. 29 at 5, citing ECF No. 22 at 49-66; see also ECF No. 20-1 [SHCP] at 184-215.)

Petitioner responds that the contested operative facts were raised in state court challenges to the sufficiency of his convictions and in claims of actual innocence and improper argument. However, he concedes that "the [challenged] blood typing evidence was not specifically raised in the factual predicates to his prior claims related to false and/or misleading evidence or testimony."[4] (ECF No. 32 at 8, citing ECF No. 19-2 [AOB] at claims IV, XXX; see also ECF No. 20-1 [SHCP] at claims VII (A-E).)  He argues these new facts, unpresented in state court, serve only to augment and do not substantially alter the above noted insufficient evidence and actual innocence claims raised in state court.  (See ECF No. 32 at 8-9, citing Vasquez, 474 U.S. at 260.)

The Court finds the contested operative facts are unexhausted.  Petitioner did not raise in state court the operative facts of false blood typing evidence in the context of the above noted Claim II legal theory.  His various state court references to blood typing evidence noted above do not demonstrate otherwise.  (See e.g., ECF No. 19-2 [AOB] claim II at 59, claim IV at 86-88, 105.)

Moreover, the contested operative facts substantially alter the above noted claims Petitioner

---

[4] Petitioner refers to Claim II blood and PGM typing evidence as set out in Subsection (B)(3)(iii), however that evidence is set out in Subsection (A)(1)(iii).

1   did raise in state court.  Those claims do not include predicate facts of false expert opinion relating

2   to blood typing evidence in the context of the Claim II theory of prosecutorial misconduct.  See

3   Davis v. Silva, 511 F.3d 1005, 1009, (9th Cir. 2008) (petitioner must provide all of the facts

4   necessary to give application to the constitutional principle upon which he relies).

5        Petitioner's reliance upon Vasquez is misplaced.  Here, unlike in Vasquez, the contested

6   operative facts were not raised in state court and this Court did not direct presentation of the noted

7   unexhausted facts.  See Vasquez, 474 U.S. at 257-58.  It follows that Petitioner's purported

8   incorporation of the state record *in toto* is not persuasive of his position on this issue.  (See ECF

9   No. 32 at 8, citing ECF No. 22 at 32-33.)

10       At bottom, the test is whether petitioner's new facts raise claims "so clearly distinct from

11  the claims he has already presented to the state courts that it may fairly be said that the state courts

12  have had no opportunity to pass on the claim. . . ."  Humphrey v. Cady, 405 U.S. 504, 516, n.18

13  (1972).  For the reasons stated, the Court finds the state did not have the opportunity to pass on the

14  contested operative facts in the context asserted.

15       3.    The Contested Allegations Are Not Deemed Exhausted

16       Petitioner argues that it would be futile to return to state court because the contested Claim II

17  allegations are defaulted under Clark/Robbins habeas rules or under the newer Proposition 66

18  habeas rules.  (See ECF No. 32 at 7, citing In re Clark, 5 Cal. 4th 750, 797-98 (1993) (superseded

19  by statute as stated in Briggs v. Brown, 3 Cal. 5th 808, (2017), In re Robbins, 18 Cal. 4th 770, 780-

20  81 (1998), and Cal. Pen. Code § 1509(d)).  He suggests this is so because "[n]one of the evidence

21  or law relied upon by [him] in this claim was unavailable at the time of the state habeas petition."

22  (ECF No. 32 at 7.)

23       Respondent replies that "[e]ven if [Petitioner's] continued delay in filing in state court may

24  result in procedural default, he still cannot proceed in this Court without first going to state court"

25  for relief from default or denial of the claim based upon default.  (ECF No. 33 at 7, citing In re

26  Gomez, 45 Cal. 4th 650, 655 (2009) (state court will provide a remedy on collateral review of a

27  final judgment if that remedy would be available in the federal courts).

28       The Court finds that the contested allegations are not deemed exhausted.  Under the habeas

1   statute, a claim is unexhausted if a petitioner "has the right under the law of the State to raise, by

2   any available procedure, the question presented."  28 U.S.C. § 2254(c).  Here, Petitioner has not

3   demonstrated on the presently developed record that he lacks the right to raise the unexhausted

4   Claim II allegations in state court.  See Clark, 5 Cal. 4th at 797-98; Robbins, 18 Cal. 4th at 780-81;

5   In re Jack Wayne Friend, S256914 (petition for review granted including as to the meaning of

6   successive petition under Penal Code section 1509(d)).

7         4.     Conclusions

8         The contested Claim II allegations are unexhausted because: (i) the state court did not have

9   the opportunity to consider and remedy the contested legal theory and operative facts, Scott v.

10  Schriro, 567 F.3d 573, 583 (9th Cir. 2009) (citing Picard, 404 U.S. at 275), and (ii) the contested

11  allegations are not deemed exhausted by application of futility doctrine, 28 U.S.C. § 2254(b)(1),

12  (c).

13        Claim II is unexhausted.

14  **B.     Claim IV**

15        Claim IV alleges that Petitioner is entitled to a new trial because his conviction under Penal

16  Code section 187 was based on an unnoticed and constitutionally impermissible theory of felony

17  murder.  (ECF No. 22 at 75.)

18        Respondent argues that Claim IV is unexhausted as to Subclaim (D) (asserting an

19  impermissible "constructive amendment" of the charging information) and Subclaim (E) (seeking

20  relief under recently effective California Senate Bill No. 1437 [hereinafter "SB 1437"] and

21  enabling provisions of Penal Code section 1170.95).  (ECF No. 29 at 6, citing ECF No. 22 at 75,

22  n.44.)

23        Petitioner responds that the Subclaim (D) allegations regarding "constructive amendment"

24  of the charging information were presented in state court as "improperly noticed" murder charges

25  over which the trial court lacked jurisdiction, and thus exhausted.   (ECF No. 32 at 10-11.)

26  However, he concedes that the Subclaim (E) allegations raising SB 1437 and retroactive relief

27  under Penal Code section 1170.95 were not raised in state court.  He suggests a return to state

28  court on these unexhausted allegations would be futile.  (ECF No. 32 at 11-12.)

1.      <u>The Contested Legal Theory of "Constructive Amendment" Was Raised in State Court</u>

Respondent argues the contested Subclaim (D) legal theory, that the prosecution denied due process rights under <u>United States v. Ward</u>, 747 F.3d 1184, 1190 (9th Cir. 2014) when it "constructively amended" the information by presenting uncharged Penal Code section 189 murder in addition to the charged Penal Code section 187 murder, was not raised in state court. (ECF No. 29 at 6-8.)

Petitioner responds that the theory of "constructive amendment" was raised in state court by allegations of improper "notice" of charges brought and related instructional error. (ECF No. 32 at 10-11; <u>see also</u> ECF No. 22 at 75-76; ECF No. 19-2 [AOB] claims VIII, XI, XII, XIV(C), XVI; ECF No. 20-1 [SHCP] claim VII (A-E)); <u>Stirone v. United States</u>, 361 U.S. 212, 213-214 (1960); <u>Ward</u>, 747 F.3d at 1190; <u>Letner and Tobin</u>, 50 Cal. 4th at 140-41 (rejecting argument based upon failure of the information to charge first degree felony murder).

Respondent, upon review of the opposition argument, concedes the Subclaim (D) allegations relate to adequacy of notice that was litigated in state court. (ECF No. 33 at 3.) He states that Subclaim (D) "does appear to be exhausted even though the term 'constructive amendment' was not specifically used in the state pleading." (<u>Id.</u>)

The Court finds the contested Subclaim (D) legal theory was fairly raised in state court and is exhausted.

2.      <u>The Contested Legal Theory under SB 1437 and Penal Code 1170.95 Was Not Raised in State Court</u>

Respondent argues the contested Subclaim (E) legal theory, which seeks relief under SB 1437 (effective January 1, 2019 to amend Penal Code sections 188 and 189 and add Penal Code section 1170.95 modifying the elements of felony murder and aider-abettor liability), was not presented in state court.[5] He also argues that Petitioner has not exhausted relief under SB 1437 through the

---

[5] SB 1437 modified California law to limit liability for murder in the commission of a felony to situations where a participant in the underlying felony (1) is the actual killer; (2) is not the actual killer but, with intent to kill, aids or abets a first degree murder; or (3) is a major participant in the underlying felony and acts with reckless indifference to human life. Cal. Pen. Code § 189(e); (<u>see also</u> ECF No. 29 at 11-12.)

requisite state court (Penal Code section 1170.95) petition to vacate his conviction and recall sentence.[6]  (ECF No. 29 at 6-8.)

Petitioner responds that SB 1437 merely codifies the standard in Furman v. Georgia, 403 U.S. 952 (1971) (that the Eighth Amendment requires more certainty in its application when the State is seeking a death sentence) and that he raised Furman in state court on the instant operative facts.  (ECF No. 22 at 91-92, citing ECF No. 19-2 [AOB], claim XIV; see also Doc No. 19-2 [AOB], Claim VIII at 189 (alleging insufficient evidence that Petitioner was the actual killer, intended to kill or that victim be killed, or aided and abetted rape, robbery, or burglary); ECF No. 19-2 [AOB] claim XIV at 217 (alleging incomplete and confusing aiding and abetting instructions), claim XVI at 232 (alleging trial court error by instruction on felony murder); ECF No. 20-1 [SHCP], claim VII at 168-69 (alleging ineffective assistance regarding aiding and abetting instructions).)  However, Petitioner concedes SB 1437 and Penal Code section 1170.95 were not raised in state court.  (ECF No. 32 at 11.)

The Court finds that the contested Subclaim (E) legal theory was not fairly raised in state court and is unexhausted.  Petitioner has not demonstrated that his citation to Furman alerted the state court to the Subclaim (E) contested theory.  He concedes as much.

### 3.   The Contested Subclaim (E) allegations Are Not Deemed Exhausted

Petitioner suggests the possibility of futility.  He states that "the Friend litigation [pending in the California Supreme Court] may decide if the Clark/Robbins rules are still available to [Petitioner] on this newly arisen claim."  (ECF No. 32 at 11-12 citing Friend, S256914; Clark, 5 Cal. 4th at 775.)

---

[6] Penal Code §1170.95 reads in pertinent part:
(a) A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:

(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.
(2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.
(3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.

1   To the extent Petitioner raises futility, Respondent replies as he did above, that "[e]ven if

2   [Petitioner's] continued delay in filing in state court may result in procedural default, he still

3   cannot proceed in this Court without first going to state court" for relief from default or denial of

4   the claim based upon default.  (ECF No. 33 at 7.)

5   The Court finds the contested Claim IV Subclaim (E) allegations are not deemed

6   exhausted.  As was the case with Claim II above, Petitioner has not demonstrated on the presently

7   developed record that he lacks the right to raise the unexhausted claim in state court because of

8   procedural default or Penal Code section 1509(d).  See Clark, 5 Cal. 4th at 797-98; Robbins, 18

9   Cal. 4th at 780-81; Friend, S256914.

10   4.   Conclusions

11   The contested Claim IV Subclaim (D) allegations are exhausted.

12   The contested Claim IV Subclaim (E) allegations are unexhausted because: (i) the state

13   court did not have the opportunity to consider and remedy the contested legal theory, Scott, 567

14   F.3d at 583, and (ii) the contested allegations are not deemed exhausted by application of futility

15   doctrine, 28 U.S.C. § 2254(b)(1), (c).

16   Claim IV is unexhausted.

17   **C.   Claim VII**

18   Claim VII alleges prosecutorial misconduct at the guilt and penalty phases during opening

19   statements, cross-examination, and argument.  (ECF No. 22 at 119.)

20   Respondent argues Claim VII is unexhausted as to Subclaim (A) allegations that the

21   prosecutor made improper remarks at the guilt phase opening statement regarding Warren

22   Gilliland's character and health, and Subclaim (C) allegations that the prosecutor at the penalty

23   phase closing made improper statements and use of a demonstrative chart of prior criminal acts by

24   co-defendant Letner.  (ECF No. 29 at 8-9 citing ECF No. 22 at 120-24.)

25   Petitioner responds that he raised in state court both the prosecutor's interwoven

26   misconduct and improper argument at all stages of the proceedings.  (ECF No. 32 at 12-13.)

27   1.   The Contested Subclaim (A) Operative Facts Were Not Raised in State Court

28   Respondent argues the contested Subclaim (A) allegations, that during the guilt phase

13

1   opening statement the prosecutor made improper remarks about and bolstered witness Warren

2   Gilliland's character and health, were not presented in state court.  (ECF No. 29 at 8 citing ECF

3   No. 22 at 120-21.)

4          Petitioner responds that he fairly raised the contested Subclaim (A) allegations in state

5   court.  (ECF No. 32 at 12-13.)  He points to his general state court allegations of pervasive

6   prosecutorial misconduct.  (See e.g., ECF No. 19-2 [AOB], claim XXVII.)  He points to state court

7   allegations of improper remarks by the prosecutor during her guilt phase opening statement

8   regarding murder by "Instant death."  (ECF No. 20-1 [SHCP], claim VII.)  He points to state court

9   allegations regarding improper bolstering of Gilliland during the guilt phase closing.  (See e.g.,

10  ECF No. 19-2 [AOB], claim XXX; ECF No. 20-1 [SCHP], claim VII (A-E).)  He points to

11  incorporation of state and federal claims into Claim VII.  (ECF No. 32 at 12.)  He argues any new

12  facts alleged in the federal petition do not fundamentally alter the claims presented in state court.

13  (ECF No. 32 at 12.)  However, Petitioner concedes that "to the extent an opening statement is not

14  argument[,]" the contested allegations are "arguably not exhausted."  (ECF No. 32 at 13.)

15         The Court finds that the contested Subclaim (A) operative facts were not fairly raised in

16  state court and are unexhausted.  Petitioner's noted general and specific arguments highlight rather

17  than ameliorate his failure to exhaust, as he concedes.  See Wood v. Ryan, 693 F.3d 1104, 1117

18  (9th Cir. 2012) (general allegation that prosecutor engaged in "pervasive misconduct" does not

19  alert a state court to separate instances of purported misconduct).   Nor can he rely upon or

20  incorporate operative facts not present in the state record.

21         2.   The Contested Subclaim (C) Operative Facts in Part Were Not Raised in State
              Court
22

23         Respondent argues the contested Subclaim (C) allegations, that at the penalty phase closing

24  the prosecutor made improper statements and improperly used a demonstrative chart of co-

25  defendant Letner's prior criminal acts, were not raised in state court.  (See ECF No. 29 at 8-9,

26  citing ECF No. 20-1 [SHCP] at 184-215.)

27         Petitioner responds that he raised these contested allegations in state court.  (ECF No. 32 at

28  12-13.)  He points to his general allegations in state court of pervasive prosecutorial misconduct.

(See e.g., ECF No. 19-2 [AOB], claim XXVII.)  He points to allegations in state court regarding the prosecutor's use of a demonstrative chart during guilt phase closing.  (See ECF No. 20-23 [Supp. to SHCP] at 9; ECF No. 20-1 [SHCP], claim VII.)  He points to state court allegations of ineffective assistance and prosecutorial misconduct relating to the prosecutor's remarks regarding religion during penalty phase closing argument.  (ECF No. 32 at 12; see also ECF No. 19-2 [AOB], claim XXXI; ECF No. 20-1 [SHCP], claim VII]); see also Letner and Tobin, 50 Cal. 4th at 200-03.  He points to incorporation of state and federal claims.  (ECF No. 32 at 12.)  He argues any new facts alleged in the federal petition do not fundamentally alter the noted claims presented in state court.  (ECF No. 32 at 12.)

The Court finds that the contested Subclaim (C) operative facts regarding use of a demonstrative chart were not fairly raised in state court and are unexhausted.  Here again, Petitioner's noted general and specific arguments highlight rather than ameliorate his failure to exhaust, as he concedes.  See Wood, 693 F.3d at 1117.  Nor can he rely upon or incorporate operative facts not present in the state record.  However, the contested Subclaim (C) operative facts regarding improper religious remarks by the prosecutor during penalty phase closing were raised in state court and are exhausted.

3.    The Contested and Unexhausted Subclaim (A) and (C) Allegations Are Not Deemed Exhausted

Petitioner argues that "[g]iven that these are record-based claims, to the extent that this Court finds non-exhaustion, going back to state court would be futile because there is no possibility of avoiding a default.  Clark, 5 Cal. 4th at 797-98; Cal. Pen. Code § 1509(d)."  (ECF No. 32 at 13.)

Respondent replies as he did above, that "[e]ven if [Petitioner's] continued delay in filing in state court may result in procedural default, he still cannot proceed in this Court without first going to state court" for relief from default or denial of the claim based upon default.  (ECF No. 33 at 7.)

The Court finds the contested and unexhausted Claim VII Subclaim (A) and (C) allegations are not deemed exhausted.  As was the case above, Petitioner has not demonstrated on the

15

1  presently developed record that he lacks the right to raise the unexhausted claim in state court

2  because of procedural default or Penal Code section 1509(d).  See Clark, 5 Cal. 4th at 797-98;

3  Robbins, 18 Cal. 4th at 780-81; Friend, S256914.

4          4.      Conclusions

5          The contested Claim VII Subclaim (A) and (C) allegations are unexhausted in part because:

6  (i) the state court did not have the opportunity to consider and remedy the contested operative

7  facts, Scott, 567 F.3d at 583, and (ii) the contested allegations are not deemed exhausted by

8  application of futility doctrine, 28 U.S.C. § 2254(b)(1), (c).

9          Claim VII is unexhausted.

10         **D.      Claim IX**

11         Claim IX alleges constitutional flaws in the death qualification process.  (ECF No.  22 at

12  139.)

13         Respondent argues Claim IX is unexhausted to the extent of asserted ineffective assistance

14  of counsel and trial court error by failing to adequately examine potential jurors during death

15  qualification.  (ECF No. 29 at 9, citing ECF No. 22 at 139-49.)

16         Petitioner responds that he alleged in state court both trial court error and ineffective

17  assistance of counsel by failing to ensure he received a fair and impartial jury.  (ECF No. 32 at 13.)

18         1.      The Contested Operative Facts Were Not Raised in State Court

19         Respondent argues that Petitioner did not raise in state court the Claim IX allegations that

20  "the trial attorney and the trial court failed to adequately examine potential jurors regarding their

21  attitudes toward the death penalty, the appropriateness of the death penalty on the facts specific to

22  [his] case, as well as other areas of unconstitutional bias . . . . [denying] indicia of reliability that

23  [Petitioner] was tried by a fair and impartial jury."  (ECF No. 29 at 9.)

24         Petitioner responds that he raised in state court allegations the trial court and trial counsel

25  failed to ensure a fair and impartial death penalty jury.  (ECF No. 32 at 13.)  He points to state

26  court allegations that "[t]he trial court's cursory questioning failed to provide an adequate means

27  of guaranteeing an impartial jury, especially in regard to the penalty determination."  (ECF No. 20-

28  1 [SHCP], claim VII at 40.)  He points to state court allegations that:

16

> [D]espite the superficial and cursory voir dire conducted by the trial judge, trial counsel failed to take advantage of the opportunity he was afforded to conduct supplemental questioning of the potential jurors.  Trial counsel largely abstained from any attempt to ascertain the panel members' death penalty views, and failed to question the jurors on other potential biases that they may have harbored.  Indeed, trial counsel asked only five of the jurors to describe their views on the death penalty.

(ECF No. 32 at 13 citing ECF No. 20-1 [SHCP], claim VII at 40-41; see also ECF No. 20-29 [Inf. Reply SHCP] at 18-20) ("[Trial counsel] fail[ed] to conduct adequate voir dire of the prospective jurors to ensure that petitioner would be tried by an impartial jury, particularly in regard to a potential penalty phase.").)  He points to state court allegations challenging California's death qualification process based upon empirical studies.  (ECF No. 20-1 [SHCP],  claim L.)  However, Petitioner concedes that "to the extent these facts were raised in support of a more specific claim of ineffective assistance of counsel . . . the overarching allegations of an unconstitutionally selected jury was not fully exhausted."  (ECF No. 32 at 13)

The Court finds that the contested operative facts were not fairly raised in state court and are unexhausted.  Petitioner's noted general and specific arguments highlight rather than ameliorate his failure to exhaust, as he concedes.  See Wood, 693 F.3d at 1117 (9th Cir. 2012).  Nor can he rely upon or incorporate operative facts not present in the state record.  Petitioner concedes as much.

### 2.    The Contested Allegations Are Not Deemed Exhausted

Petitioner argues it would be futile to return to state court because the claim is defaulted under Clark/Robbins habeas rules or under the newer Proposition 66 habeas rules.  (ECF No. 32 at 13, citing Clark, 5 Cal. 4th at 797-98; Penal Code § 1509(d).)  He further argues futility on grounds that state record lacks "sufficient completeness" as alleged in Claim XVIII.  (ECF No. 32 at 13-14; see also ECF No. 19-2 [AOB], claim XXXVII (alleging trial court error by failing to record all proceedings); ECF No. 20-1 [SHCP], claim VII (A-E).)

Respondent replies as he did above, that "[e]ven if [Petitioner's] continued delay in filing in state court may result in procedural default, he still cannot proceed in this Court without first going to state court" for relief from default or denial of the claim based upon default.  (ECF No. 33

1   at 7.)

2       The Court finds the contested Claim IX allegations are not deemed exhausted.  As was the

3   case above, Petitioner has not demonstrated on the presently developed record that he lacks the

4   right to raise the unexhausted claim in state court because of procedural default or Penal Code

5   section 1509(d).  See Clark, 5 Cal. 4th at 797-98; Robbins, 18 Cal. 4th at 780-81; Friend, S256914.

6   Nor has he presently demonstrated that the state record is insufficient for exhaustion of the

7   contested allegations.  Notably, the Claim XVIII allegations of record insufficiency were rejected

8   by the state court.  (ECF No. 22 at 244-45.)

9       3.   Conclusions

10      The contested Claim IX allegations are unexhausted because: (i) the state court did not

11  have the opportunity to consider and remedy the contested operative facts, Scott, 567 F.3d at 583,

12  and (ii) the contested allegations are not deemed exhausted by application of futility doctrine, 28

13  U.S.C. § 2254(b)(1), (c).

14      Claim IX is unexhausted.

15  **E.   Claim XII**

16      Claim XII alleges trial court error during the death qualification process.  (ECF No. 22 at

17  160.)

18      Respondent argues Claim XII is unexhausted as to allegations the trial court erred during

19  death qualification by limiting the scope of voir dire and failing to assess and examine evidence of

20  actual bias.  (ECF No. 29 at 9-10, citing ECF No. 22 at 160-62.)

21      Petitioner responds by referring to his response to Claim IX, ante.  (ECF No. 32 at 14.)

22      1.   The Contested Operative Facts Were Not Raised in State Court

23      Respondent argues Petitioner did not raise in state court a claim of reversable trial court

24  error based upon the manner in which it conducted death penalty voir dire.  (ECF No. 29 at 9-10,

25  citing ECF No. 20-1 [SHCP] at 39-40.)  He argues that while the state habeas petition mentioned

26  "cursory questioning" by the trial court, it did so only in the context of asserting that trial counsel

27  was ineffective for failing "to take advantage of the opportunity he was afforded to conduct

28  supplemental questioning of the potential jurors."  (Id., citing ECF No. 20-1 [SHCP] at 40.)  He

1   argues the contested Claim XII allegations were not otherwise raised in state habeas or on direct

2   appeal.  (ECF No. 29 at 10.)

3       Petitioner responds by referring to the operative facts supporting Claim IX above, and

4   conceding that "this particular, overarching claim of error regarding jury selection was not raised

5   and not exhausted in state court."  (ECF No. 32 at 14.)

6       The Court finds that the contested operative facts were not fairly raised in state court and

7   are unexhausted.  Particularly, Petitioner has not demonstrated he alerted the state court of claimed

8   trial court error in these regards.  See Wood, 693 F.3d at 1117 (9th Cir. 2012).  Petitioner concedes

9   as much.  Nor can he rely upon or incorporate operative facts not present in the state record.

10      Furthermore, it does not assist Petitioner that Claim XII purports to incorporate facts

11  alleged in federal Claim X.  (See ECF No. 22 at 161, n.83.)  Federal Claim X alleges penalty phase

12  juror misconduct regarding individualized sentencing and evidence inadmissible against Petitioner

13  and outside the record including influences discussed during voir dire.  (See ECF No. 22 at 149).

14  Claim X does not demonstrate state court presentation of the Claim XII contested allegations of

15  trial court error during death qualification.

16      2.      The Contested Allegations Are Not Deemed Exhausted

17      Petitioner argues that "due to this being a record-based claim and due to the incomplete

18  record and the state court's unwillingness to correct the record, it would be futile to return to state

19  court in order to exhaust the matter."  (ECF No. 32 at 14.)

20      Respondent replies as he did above, that "[e]ven if [Petitioner's] continued delay in filing

21  in state court may result in procedural default, he still cannot proceed in this Court without first

22  going to state court" for relief from default or denial of the claim based upon default.  (ECF No. 33

23  at 7.)

24      The Court finds the contested Claim XII allegations of trial court error are not deemed

25  exhausted.  As was the case above, Petitioner has not demonstrated on the presently developed

26  record that he lacks the right to raise the unexhausted claim in state court because of procedural

27  default or Penal Code section 1509(d).  See Clark, 5 Cal. 4th at 797-98; Robbins, 18 Cal. 4th at

28  780-81; Friend, S256914.  Nor has he presently demonstrated that the state record is insufficient to

19

1    raise exhaustion of the contested allegations, for the reasons stated.

2        3.    Conclusions

3        The contested Claim XII allegations are unexhausted because: (i) the state court did not

4    have the opportunity to consider and remedy the contested operative facts, Scott, 567 F.3d at 583,

5    and (ii) the contested allegations are not deemed exhausted by application of futility doctrine, 28

6    U.S.C. § 2254(b)(1), (c).

7        Claim XII is unexhausted.

8    **F.    Claim XVII**

9        Claim XVII alleges the trial court and counsel denied Petitioner effective assistance of

10   counsel when trial counsel Staven was allowed to withdraw during penalty phase deliberations.

11   (ECF No. 22 at 207.)

12       Respondent argues Claim XVII is unexhausted as to allegations the trial court

13   constructively denied counsel by *sua sponte* allowing withdrawal of trial counsel Staven during

14   sentencing deliberations and replacing him with public defender Timothy Bazar.  (ECF No. 29 at

15   10, citing ECF No. 22 at 207-09.)

16       Petitioner responds by conceding these operative facts were not presented in this context in

17   state court.  (ECF No. 32 at 15.)

18       1.    The Contested Operative Facts Were Not Raised in State Court

19       Respondent argues the contested allegations, that the trial court constructively denied

20   counsel under the Sixth Amendment and United States v. Cronic, 466 U.S. 648 (1984) by *sua*

21   *sponte* allowing trial counsel Staven to withdraw before sentencing and Mr. Bazar to appear as

22   stand-in counsel, were not raised in state court.  (ECF No. 29 at 10, citing ECF No. 20-1 [SHCP],

23   claim VII(D); see also ECF No. 20-15 [SHCP Ex.'s 242, 243] at 51-67.)

24       Petitioner concedes that "this particular fact was not presented in support of a Sixth

25   Amendment or other claim related to the improper severance of the attorney-client relationship."

26   (ECF No. 32 at 15.)

27       The Court finds that the contested operative facts were not fairly raised in state court and

28   are unexhausted.  Petitioner concedes as much.  (ECF No. 32 at 15.)  Although he referred in state

court to the trial court's failure to inquire into counsel's probable conflict of interest, he does so only in the context of claimed ineffective assistance.  (See ECF No. 20-1 SHCP], claim VII (D) at 228-64.)  Nothing in Claims XVIII and XIX, incorporated into Claim XVII, suggests otherwise.  (See ECF No. 22 at 208, 209, n.102.)  Nor can he rely upon or incorporate operative facts not present in the state record.

### 2.   The Contested Allegations Are Not Deemed Exhausted

Petitioner argues that "[b]ecause this is a record based claim, and it is unclear whether all facts were available, it would be futile for [Petitioner] to return to state court," and "circumstances exist that render such process ineffective to protect [his] rights."  (ECF No. 32 at 15, citing 28 U.S.C. § 2254(b)(1)(B)(ii).)

Respondent replies as he did above, that "[e]ven if [Petitioner's] continued delay in filing in state court may result in procedural default, he still cannot proceed in this Court without first going to state court" for relief from default or denial of the claim based upon default.  (ECF No. 33 at 7.)

The Court finds the contested Claim XVII allegations of trial court error are not deemed exhausted.  As was the case above, Petitioner has not demonstrated on the presently developed record that he lacks the right to raise the unexhausted claim in state court because of procedural default or Penal Code section 1509(d).  See Clark, 5 Cal. 4th at 797-98; Robbins, 18 Cal. 4th at 780-81; Friend, S256914.  Nor has he presently demonstrated that the state record is insufficient to raise exhaustion of the contested allegations, for the reasons stated.

### 3.   Petitioner Presently Is Not Entitled to a Rhines Stay

Petitioner states that "should this Court [deny deemed futility, he] respectfully requests that this Court grant an order staying and abeying his petition in order to allow him opportunity to fully exhaust the claim in state court.  See Rhines [v. Weber], 544 U.S. 269."  (ECF No. 32 at 15.)

A district court should grant a motion to stay and abey only if: (1) the petitioner has good cause for his failure to exhaust his claims, (2) the unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner intentionally engaged in dilatory tactics.  Rhines, 544 U.S. at 277-78.  A federal habeas petitioner must establish that at least one of his unexhausted

1   claims is not "plainly meritless" in order to obtain a stay under <u>Rhines</u>, 544 U.S. at 277.

2       The Court finds that presently Petitioner has not made any sufficient showing of

3   entitlement to a stay for exhaustion under <u>Rhines</u>.

4       4.      <u>Conclusions</u>

5       The contested Claim XVII allegations are unexhausted because: (i) the state court did not

6   have the opportunity to consider and remedy the contested operative facts, <u>Scott</u>, 567 F.3d at 583,

7   and (ii) the contested allegations are not deemed exhausted by application of futility doctrine, 28

8   U.S.C. § 2254(b)(1), (c).

9       Petitioner presently has not demonstrated entitlement to stay and abeyance under <u>Rhines</u>.

10      Claim XVII is unexhausted.

11      **G.     Claim XXIII**

12      Claim XXIII alleges ineffective assistance of counsel by failure to raise a lack of

13  jurisdiction as to Count 1 (charging Penal Code section 187 with special circumstances).  (ECF

14  No. 22 at 269.)

15      Respondent argues Claim XXIII is unexhausted as to allegations of ineffective assistance

16  of trial counsel by failure to challenge Count 1 on jurisdictional and double jeopardy grounds.

17  (ECF No. 29 at 10-11.)

18      Petitioner responds by conceding that the general allegations he raised in state court

19  relating to counsel's failure to make pretrial motions falls short of fairly raising these contested

20  operative facts.  (ECF No. 32 at 15-16.)

21      1.      <u>The Contested Operative Facts Were Not Raised in State Court</u>

22      Respondent argues the contested allegations of an invalid murder theory were not raised in

23  state court as ineffective assistance of counsel.  (ECF No. 29 at 10-11.)  Particularly, he argues

24  Petitioner cannot rely upon direct appeal claims XII (invalid theory of murder), XIV (instructional

25  error regarding aiding and abetting) and XVI (instructional error regarding felony murder) to show

26  exhaustion because those claims did not fairly raise these contested operative facts in the context

27  of ineffective assistance of counsel.  (ECF No. 29 at 10-11, citing ECF No. 19-2 [AOB] at 212-14,

28  217-24, and 232-42.)

Petitioner responds by observing that he raised state court allegations of trial counsel's failure to make certain unspecified pretrial motions (ECF No. 32 at 15 citing ECF No. 20-1 [SHCP], claim VII at 26), as well as the above noted allegations in direct appeal claims XII, XIV, and XVI, (ECF No. 32 at 15); see also Letner and Tobin, 50 Cal. 4th at 140-141 (denying relief on allegedly invalid charging information).

Even so, Petitioner concedes that "this operative set of facts was not presented to the state court in support of an allegation of ineffective assistance of counsel for failing to file a motion for lack of jurisdiction." (ECF No. 32 at 15-16.)

The Court finds that the contested operative facts were not fairly raised in state court and are unexhausted. The general allegations of ineffective pre-trial motion practice fall short. See Wood, 693 F.3d at 1120. The noted allegations on direct appeal did not alert the state court to the contested operative facts of ineffective assistance of counsel. Nor can Petitioner rely upon incorporation of Claim IV into this Claim XXIII because Claim IV does not demonstrate exhaustion of the contested operative facts under a theory of ineffective assistance of counsel. (ECF No. 22 at 270, n.125; see also Claim IV, ante.) As noted, Petitioner concedes his failure to exhaust the contested allegations. (ECF No. 32 at 15-16.)

## 2.   The Contested Allegations Are Not Deemed Exhausted

Petitioner argues the state supreme court's prior review and rejection on direct appeal of claimed inadequate notice and jurisdiction relating to allegedly uncharged felony murder, coupled with that court's history of rejecting "arguments concerning the contradictory positions in California law regarding malice murder and felony murder[,]" render futile a return to state court on the instant unexhausted contested facts under a theory of ineffective assistance of counsel. (ECF No. 32 at 16, citing Sweet, 642 F.2d at 236; see also ECF No. 19-2 [AOB], claim XVI at 233 n.110.)

Respondent replies that there is no exception to exhaustion on grounds a state court might not be ready to change its mind on a legal issue. (ECF No. 33 at 7, citing 28 U.S.C. § 2254(b)(1), and Engle v. Isaac, 456 U.S. 107, 130 (1982) ("If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because

1    he thinks they will be unsympathetic to the claim).)

2          The Court finds the contested Claim XXIII allegations are not deemed exhausted.

3    Petitioner has not demonstrated the decision on direct appeal and unspecified state court precedent

4    renders futile pursuit of the contested operative facts on a theory of ineffective assistance of

5    counsel.  (ECF No. 32 at 16; see also Letner and Tobin, 50 Cal. 4th at 140-141.)  Furthermore,

6    Petitioner fails to address futility in the context of the contested double jeopardy allegation.

7          3.    Conclusions

8          The contested Claim XXIII allegations are unexhausted because: (i) the state court did not

9    have the opportunity to consider and remedy the contested operative facts, Scott, 567 F.3d at 583,

10   and (ii) the contested allegations are not deemed exhausted by application of futility doctrine, 28

11   U.S.C. § 2254(b)(1), (c).

12         Claim XXIII is unexhausted.

13   **H.    Claim XXV**

14         Claim XXV alleges multiple instances of guilt phase ineffective assistance of counsel

15   relating to forensic evidence.  (ECF No.  22 at 279.)

16         Respondent argues Claim XXV is unexhausted as to Subclaim (C) allegations of

17   ineffective assistance of counsel by failure to investigate, prepare, and confront the blood type and

18   PGM testing evidence discussed in Claim II, ante.  (ECF No. 29 at 16, citing ECF No. 22 at 279-

19   81, 291-97.)

20         Petitioner responds that, for the same reasons discussed in Claim II, ante, the additional

21   facts alleged in Subclaim (C) do not substantially alter the legal theory and operative facts of false

22   evidence raised in state court, such that the contested allegations are exhausted.  (ECF No. 32 at 9,

23   citing Vasquez, 474 U.S. at 257-258.)

24         1.    The Contested Operative Facts Were Not Raised in State Court

25         Respondent argues the contested Subclaim (C) allegations that counsel unreasonably failed

26   to challenge ABO blood type and PGM testing evidence as relates to Petitioner and the victim's

27   boyfriend, Warren Gilliland, were not raised in state court.  (ECF No.  29 at 11-12.)

28         Petitioner responds that the contested allegations are exhausted for same reasons he

24

1   provided in support of exhaustion of Claim II, ante, that "the additional facts (blood typing
2   evidence) do not substantially alter the legal theory of the Claim, and the additional facts do not
3   create a new set of operative facts." (ECF No. 32 at 14; see also ECF No. 22 at 279 n.130, citing
4   ECF No. 20-1 [SHCP], claim VII at 86-150.)

5        The Court finds that Petitioner has not shown the contested Subclaim (C) allegations were
6   fairly raised in state court in the context of ineffective assistance of trial counsel. He cannot rely
7   upon Claim II to show exhaustion of the contested allegations, for the reasons stated. Particularly,
8   the state petition, to the extent it generally alleged ineffective assistance by failure to challenge
9   prosecution evidence and testimony and discussed blood typing evidence in the context of legal
10  theories other than ineffective assistance of counsel, falls short of showing exhaustion. (See Claim
11  II, ante; see also ECF No. 19-2 [AOB], claims IV, XXX; ECF No. 20-1 [SHCP] at claim VII (A-
12  E).)

13       For the same reasons, the contested operative facts substantially alter the above noted state
14  claims because those claims did not present the contested operative facts in the context of alleged
15  ineffective assistance of counsel. See Davis, 511 F.3d at 1009. Nor can Petitioner rely upon
16  Vasquez because this Court did not direct presentation of the contested operative facts. See 474
17  U.S. at 257-58.

18       At bottom, the test is whether Petitioner's new facts raise claims "so clearly distinct from
19  the claims he has already presented to the state courts that it may fairly be said that the state courts
20  have had no opportunity to pass on the claim. . . ." For the reasons stated, the Court finds the state
21  did not have the opportunity to pass on the Claim XXV contested allegations. Humphrey, 405
22  U.S. at 516.

23            2.    The Contested Allegations Are Not Deemed Exhausted

24       The Court finds that to the extent Petitioner might argue a return to state court to exhaust
25  Claim XXV(C) would be futile, the argument fails for the reasons discussed in Claim II, ante. In
26  sum, Petitioner has not demonstrated on the presently developed record that he lacks the right to
27  raise the unexhausted Claim XXV allegations in state court. 28 U.S.C. § 2254(b)(1), (c); see also
28  Clark, 5 Cal. 4th at 797-98; Robbins, 18 Cal. 4th at 780-81; Friend, S256914.

3.      Conclusions

The contested Claim XXV allegations are unexhausted because: (i) the state court did not have the opportunity to consider and remedy the contested operative facts, Scott, 567 F.3d at 583, and (ii) the contested allegations are not deemed exhausted by application of futility doctrine, 28 U.S.C. § 2254(b)(1), (c).

Claim XXV is unexhausted.

**I.      Claim XXVIII**

Claim XXVIII alleges trial counsel was ineffective by failing to challenge key evidence and witnesses and present exculpatory evidence.  (ECF No.  22 at 331.)

Respondent argues that Claim XXVIII is unexhausted as to Subclaim (A)(2) allegations trial counsel failed to challenge autopsy physician Dr. Gary Walter as an expert despite his proven history of incompetence and malpractice; his failure to follow even the minimum standards of care in Ms. Pontbriant's autopsy; his failure to secure and the ultimate loss of material evidence; and his false and unreliable testimony regarding the evidence and his expert conclusions.  (ECF No. 29 at 12, citing ECF No. 22 at 337-40.)  He also argues the contested allegations rely upon facts in newspaper articles presented for the first time in this proceeding.  (ECF No. 29 at 12.)

Petitioner responds that the contested allegations were fairly raised in state habeas proceedings as ineffective assistance of counsel.  (ECF No. 32 at 17-18.)  He argues that although the federal petition specifically cites additional facts from habeas declarations and provides additional record cites, it does not add new substantive evidence or a new claim.  (Id. at 18.)  Similarly, he argues the additional facts asserted in the noted newspaper articles included with the federal petition do not substantially alter the state court claims.  (Id.)

1.      The Contested Operative Facts Were Raised in State Court

Respondent argues the contested allegations, that Dr. Walter testified as an expert despite a proven history of incompetence and malpractice in the performance of his forensic medical practice as apparent in the instant autopsy of Ms. Pontbriant, were not raised in state court.  (ECF No. 29 at 12, citing ECF No. 20-1 [SHCP] at 116-128.)  He argues that in state court Petitioner's ineffective assistance claim focused only on trial counsel's failure to call Dr. Comparini, "or a

1    similarly qualified independent expert," to convince the jury that Dr. Walter's "autopsy, findings,

2    and testimony were riddled with errors, were untrustworthy, and lacked reliability."  (ECF No. 33

3    at 5.)  He argues that in state court, Petitioner did not allege Dr. Walter had a "proven history of

4    incompetence," as raised in the federal petition and various newspaper articles from 2016-2017

5    attached as exhibits to the federal petition.  (Id.)  He also argues the noted newspaper articles first

6    proffered in this proceeding cannot be considered because they are not part of the state record.

7    (ECF No. 29 at 12.)

8         Petitioner responds that the contested allegations were fairly presented in state court as

9    ineffective assistance of counsel.  (See ECF No. 22 at 331 citing SHCP at claim (A).)  He points to

10   his state habeas forensic expert Dr. Comparini, who raised operative facts that Dr. Walter and his

11   autopsy of Ms. Pontbriant and subsequent loss of material evidence failed to meet community and

12   professional standards of practice.  (ECF No. 32 at 17-18; see ECF No. 20-1 (SHCP) at 76, 86,

13   111, 116-26, 198-204.)  He argues the state habeas declaration of trial attorney Staven provides

14   further evidence in these regards.  (Id.)  He argues that newspaper articles attached to the federal

15   petition "simply provide additional evidentiary support" for ineffective assistance by failing to

16   challenge this expert witness and evidence."  (ECF No. 32 at 18, citing Chacon, 36 F.3d at 1468.)

17   He argues these and other additional facts alleged in the federal claim do not raise a new claim.

18   (ECF No. 32 at 18.)

19        The Court finds the contested operative facts of Dr. Walter's alleged lack of professional

20   competence and failure to adhere to standards of practice generally and this case were fairly raised

21   in state court in the context of ineffective assistance of trial counsel.  The noted state habeas record

22   demonstrates that the court was alerted to claim ineffective assistance of trial counsel by failure to

23   develop and present evidence that Dr. Walter was reputed to and did perform below applicable

24   standards of care.   (See ECF No. 20-1 [SHCP] at 45, 67, 116-24; ECF No. 20-15 [SHCP Ex. 242]

25   at 56; ECF No. 20-19 [SHCP Ex. 263] at 30-54.)

26        Particularly, the state habeas declaration of defense expert Dr. Comparini opined upon Dr.

27   Walter's failure to adhere to autopsy standards of practice and failures in Dr. Walter's autopsy

28   protocol, report writing, sexual assault examination and collection, and the subsequent loss of

1  material evidence in this case.  (ECF No. 20-19 [SHCP Ex. 263] at 30-54; <u>see also</u> ECF No. 20-1

2  [SHCP] at 116-24.)  The habeas declaration of trial counsel William Staven also presented the

3  state court with facts that Staven knew of Dr. Walter's poor reputation and failure to follow

4  standard procedures in forensic death investigations.  (ECF No. 20-15 [SHCP Ex. 242] at 56.)

5      The new facts in the newspaper articles presented in this proceeding provide support for

6  but do not substantially alter the noted allegations raised in state court.  <u>Chacon</u>, 36 F.3d at 1468;

7  <u>see also</u> <u>Humphrey</u>, 405 U.S. at 516, n.18 ("(t)here is, of course, no requirement that petitioner file

8  repetitious applications to state courts.").  Albeit, following <u>Pinholster</u>, the newspaper articles

9  cannot be considered in the evaluation of Petitioner's federal habeas claims unless he is able to

10  show that the California Supreme Court's denial of Claim XXVIII allegations resulted in an

11  unreasonable application of clearly established federal law or an unreasonable application of that

12  law to the facts before it.  <u>Pinholster</u>, 563 U.S. at 185-86, citing 28 U.S.C. § 2254(d).

13      2.      <u>Conclusions</u>

14      The contested Claim XXVIII allegations are exhausted.  The state court was afforded the

15  opportunity to consider and remedy the contested operative facts.  <u>Scott</u>, 567 F.3d at 583.

16      Claim XXVIII is exhausted.

17  **J.      Claim XXXVII**

18      Claim XXXVII alleges legal and factual insufficiency of Petitioner's convictions for

19  robbery, burglary, and attempted rape.  (ECF No.  22 at 475.)

20      Respondent argues that Claim XXXVII is unexhausted as to allegations that Petitioner's

21  conviction on robbery, burglary and attempted rape counts violates the Fifth and Eighth

22  Amendments due to the prosecutor's failure to seek a grand jury indictment and improper charging

23  information, and the trial court's improper denial of his pretrial Penal Code section 995 motion to

24  dismiss the information.  (ECF No. 29 at 13, citing ECF No. 22 at 475-76.)

25      Petitioner responds that the contested allegations are exhausted because he raised in state

26  court the factual and legal insufficiency of the counts for robbery, burglary, and attempted rape

27  and related special circumstances, on the grounds specified.  (ECF No.  32 at 19.)

28      1.      <u>The Contested Allegations Were Fairly Raised in State Court</u>

28

1   Respondent argues that Petitioner did not raise in state court contested allegations that "the

2   trial court should have dismissed the attempted rape and burglary special circumstances before

3   trial in connection with a defense motion to dismiss the information under California Penal Code

4   section 995."  (ECF No. 33 at 6, citing ECF No. 19-2 [AOB], claims VII, XXXII.)  Particularly, he

5   argues that Petitioner did not raise in state court: (i) insufficiency of evidence for purposes of the

6   995 motion, and (ii) improper denial of the 995 motion as to the attempted rape count.  (ECF No.

7   33 at 6, citing ECF No. 19-2 [AOB], claim XXXII.)

8   Petitioner argues that in state court, he raised alleged factual insufficiency of the counts and

9   special circumstances for robbery, attempted rape, and burglary.  (ECF No. 32 at 19, citing ECF

10   19-2 [AOB], claims IV, VI, and VII.)  Also, he argues that he raised state court allegations of legal

11   insufficiency of the information and the trial court's improper denial of his Penal Code section 995

12   motion to dismiss the information.  (ECF No. 32 at 19, citing ECF No. 19-2 [AOB], claim XXXII

13   at 318.)

14   The Court finds the contested allegations were fairly raised in state court.  Petitioner alerted

15   the state court that he claimed the evidence supporting the attempted rape, robbery, and burglary

16   counts and special circumstances was constitutionally insufficient.  (See e.g., ECF No. 19-2

17   [AOB], claims IV, VI, and VII; see also id. at 2-3.)  The state record demonstrates that alleged

18   insufficiency of the noted preliminary hearing evidence, including under the standard applicable

19   on the 995 motion was raised on direct appeal.  (See ECF No. 19-2 [AOB], claims VII, IX,

20   XXXII.)

21   Particularly, Petitioner alerted the state court that he claimed the information was

22   constitutionally insufficient because: (i) the preliminary hearing officer found insufficient evidence

23   of intent to commit the predicate attempted rape and robbery and discharged the burglary count

24   and special circumstance, and (ii) the prosecutor nonetheless filed the information charging

25   attempted rape, robbery and burglary and related special circumstances.  (See e.g., ECF No. 19-2

26   [AOB], claims XVI, and XXXII; ECF No. 15-1[7] at 67-77, 169, 185, 228-248); see also Letner and

27

28   [7] Citation for this document is to Electronic Court Filing ("ECF") system pagination.

1  Tobin, 50 Cal. 4th at 141, 161-62.

2       Petitioner alerted the state court that he claimed insufficiency of the evidence presented on

3  the 995 motion and to the standard of proof applicable in the section 995 proceeding.  (See ECF

4  No. 19-2 [AOB], claim XXXII.)  He alerted the state court that he claimed the trial court's denial

5  of his 995 motion as to the burglary count and related special circumstance, as to which the

6  attempted rape and robbery were predicate felonies, violated his federal rights.  (See e.g., ECF No.

7  19-2 [AOB], claim VII at 184-85.)

8       As noted, it has been held that "(t)here is, of course, no requirement that petitioner file

9  repetitious applications to state courts."  Humphrey, 405 U.S. at 516, n.18.  The purpose of this

10  doctrine of comity is "merely . . . to give the State an initial 'opportunity to pass upon and correct'

11  alleged violations of its prisoners' federal rights."  Wilwording v. Swenson, 404 U.S. 249, 250

12  (1971) (superseded by statute on other grounds by Woodford v. Ngo, 548 U.S. 81, 84 (2006)); see

13  also Sweet, 640 F.2d at 236.

14       2.   Conclusions

15       The contested Claim XXXVII allegations are exhausted.  The state court was afforded the

16  opportunity to consider and remedy the contested legal theory and operative facts.  Scott, 567 F.3d

17  at 583.

18       Claim XXXVII is exhausted.

19       **K.    Claim XXXIX**

20       Claim XXXIX alleges that California's Death Penalty System Violates the Eighth

21  Amendment.  (ECF No. 22 at 479.)

22       Respondent argues that Claim XXXIX is unexhausted as to the following Subclaim (A-G)

23  and (K) allegations that California's death penalty system violates the Eighth Amendment:

24       (A) The death penalty is an increasingly unusual and infrequent punishment (ECF
25       No. 22 at 482-487);

26       (B) The unreliability of the capital punishment system is further highlighted by
    the number of people exonerated prior to their executions after being erroneously
27       sentenced to death (ECF No. 22 at 487-490);

28       (C) Based on the narrow passage of Proposition 66 and voter confusion
    surrounding its purposes and goals, the state of California is demonstrating an

evolution away from the death penalty (ECF No. 22 at 490-491);

(D) The death penalty scheme in California is unreliable and lacks penological purpose (ECF No. 22 at 491-492);

(E) The death penalty system in California is unconstitutional, as applied, due to arbitrary processing in post-conviction litigation (ECF No. 22 at 492-495);

(F) The delays in California's capital punishment system eliminate any deterrent or retributive justification for capital punishment (ECF No. 22 at 495-499);

(G) The delay and dysfunction in California's death penalty system make capital punishment unreliable for additional reasons including, inter alia, the delay in appointment of state post-conviction counsel, lack of access to discovery, lack of fact-finding and development of a state court record, delays in ruling on habeas corpus petitions, and the issuance of cursory merits determinations (ECF No. 22 at 499);

. . . .

(K) The discretion afforded district attorneys in California to decide whether to seek the death penalty within the parameters of California Penal Code section 190.2, and California's moratorium on the death penalty, makes his death sentence arbitrary and unreliable (ECF No. 22 at 510-15).

(ECF No. 29 at 13-14.)

Petitioner responds by conceding the contested grounds were not raised in state court, but he argues for futility given alleged contrary state supreme court precedent.  (ECF No. 32 at 20.)

1.    The Contested Legal Theories and Operative Facts Were Not Raised in State Court

Respondent argues that the contested allegations, theories, and facts were not raised in state court.  (ECF No. 29 at 14.)

Petitioner responds that the contested allegations are colorable, but he concedes these allegations are unexhausted.  (ECF No. 32 at 20; see also ECF No. 22 at 481-82; Doc No. 19-2 [AOB], claim XXXVIII; ECF No. 20-1 [SHCP], subclaims (J-P) at 429-60.)

The Court finds that the contested operative facts were not fairly raised in state court and are unexhausted.  Petitioner's argument in support of colorable allegations and cited state record in support does not demonstrate exhaustion of the contested allegations under the applicable standard.  He concedes as much.  (ECF No. 32 at 20.)

2.    The Contested Allegations Are Not Deemed Exhausted

Petitioner argues that a return to state court would be futile because:

1
2
3

> [E]ach of the claims has been either recently or repeatedly rejected by the California Supreme Court, and so it would be futile to exhaust them. <u>See</u> <u>Lynce</u> [v. Mathis, 519 U.S. 433] at 436 n.4 [(1997) ("Respondents have not suggested any reason why the [state] courts would have decided petitioner's case differently [than in the other similar cases previously decided].").

4
5
6
7
8
9
10

(ECF No. 32 at 20, citing <u>People v. Mitchell</u>, 7 Cal. 5th 561, 590 (2019) (denying relief based upon evolving standards and mores); <u>People v. Rhoades</u>, 8 Cal. 5th 393, 453-54 (2019) (denying relief based upon cruel and unusual punishment arising from delay inherent in the death penalty process); <u>People v. Seumanu</u>, 61 Cal. 4th 1293, 1368-1375 (2015) (denying relief based upon arbitrary implementation of the death penalty arising from delay inherent in the death penalty process); <u>People v. Coddington</u>, 23 Cal. 4th 529, 656 (2000) (denying relief based upon the exercise of prosecutorial discretion).

11
12
13

Respondent replies that there is no exception to exhaustion on grounds a state court might not be ready to change its mind on a legal issue. (ECF No. 33 at 7, citing 28 U.S.C. § 2254(b)(1), and <u>Isaac</u>, 456 U.S. at 130. (ECF No. 33 at 6-8.)

14
15
16
17
18
19
20
21

The Court finds the contested allegations are not deemed exhausted. As was the case above, Petitioner has not demonstrated on the presently developed record that he lacks the right to raise the unexhausted claim in state court because of procedural default or Penal Code section 1509(d). <u>See</u> <u>Clark</u>, 5 Cal. 4th at 797-98; <u>Robbins</u>, 18 Cal. 4th at 780-81; <u>Friend</u>, S256914. He has not demonstrated by legal authority and factual analysis that state supreme court precedent precludes relief on the legal theories and operative facts alleged in Claim XXXIX and in the context of this proceeding. His citation to <u>Mitchell</u>, <u>Rhoades</u>, <u>Seumanu</u>, and <u>Coddington</u> is not alone persuasive of such matters.

22
23
24
25
26

Nor has Petitioner provided authority that the specific constitutional deficiencies he raises have been deemed futile for further exhaustion proceedings. Petitioner reliance upon <u>Lynce</u> in this regard is misplaced to the extent no exhaustion issue was before that court. <u>See</u> <u>Alfaro v. Johnson</u>, 862 F.3d 1176, 1181 (9th Cir. 2017) (continued viability of <u>Sweet</u> following <u>Engle</u> is an open question in the Ninth Circuit).

27

  3. <u>Conclusions</u>

28

The contested Claim XXXIX allegations are unexhausted because: (i) the state court did

32

1   not have the opportunity to consider and remedy the contested legal theories and operative facts,

2   Scott, 567 F.3d at 583, and (ii) the contested allegations are not deemed exhausted by application

3   of futility doctrine, 28 U.S.C. § 2254(b)(1), (c).

4       Claim XXXIX is unexhausted.

5       **L.      Claim XLI**

6       Claim XLI alleges a stand-alone claim of cumulative error under the Fourteenth

7   Amendment.  (ECF No.  22 at 526.)

8       Respondent argues that Claim XLI is unexhausted to the extent it incorporates any

9   unexhausted Claims.  (ECF No. 29 at 14, citing ECF No. 22 at 526.)

10      Petitioner responds by conceding Respondent's argument except to the extent exhaustion

11  may be deemed futile.  (ECF No. 32 at 21.)

12          1.      The Noted Unexhausted Claims Are Included as Cumulative Error

13      Respondent argues that any unexhausted Claim(s) incorporated into Claim XLI render(s)

14  the latter unexhausted.  (ECF No. 29 at 14.)

15      Petitioner observes that in state court, he raised stand-alone cumulative error under the

16  Fifth, Sixth, Eighth, and Fourteenth Amendments.  (See ECF No. 32 at 20-21, citing ECF No. 20-1

17  [SHCP], claim VII at 461-63; see also ECF No. 20-1 [SHCP] at 43, 150, 164, 174, 228, 264, 279,

18  419-20, 461-63; ECF No. 19-2 [AOB], claim XXXIX  (alleging the cumulative effect of errors in

19  violation of rights under the Eighth and Fourteenth Amendments).)  Even so, Petitioner concedes

20  that Claim XLI is unexhausted to the extent it incorporates any allegedly unexhausted Claims that

21  are not deemed exhausted.  (ECF No. 32 at 21.)

22      The Court finds that Claim XLI incorporates the above noted unexhausted Claims.

23  Petitioner concedes as much.  (ECF No. 32 at 21; see also Wooten v. Kirkland, 540 F.3d 1019,

24  1025 (9th Cir. 2008) (stand-alone cumulative error claim must be exhausted); accord Solis v.

25  Garcia, 219 F.3d 922, 930 (9th Cir. 2000).

26          2.      The Noted Unexhausted Claims Are Not Deemed Exhausted

27      Petitioner argues "to the extent that any Claim is exhausted through futility, it should also

28  be deemed exhausted for cumulative error purposes."  (ECF No. 32 at 21.)

However, the Court finds the noted unexhausted Claims should not be deemed exhausted, for the reasons stated.

### 3.   Conclusions

The contested Claim XLI allegations are unexhausted because: (i) the state court did not have the opportunity to consider and remedy the contested and unexhausted legal theories and operative facts discussed above, Scott, 567 F.3d at 583, and (ii) the contested and unexhausted allegations are not deemed exhausted by application of futility doctrine, 28 U.S.C. § 2254(b)(1), (c).

Claim XLI is unexhausted.

### IV.

### FINDINGS AND RECOMMENDATIONS

Accordingly, it is recommended that: (i) Claims XXVIII and XXXVII be found exhausted; (ii) Claims II, IV, VII, IX, XII, XVII, XXIII, XXV, XXXIX, and XLI be found unexhausted, and (iii) Respondent's motion to dismiss (ECF No. 29) be granted as to Claims II, IV, VII, IX, XII, XVII, XXIII, XXV, XXXIX, and XLI without prejudice to a subsequent motion to amend the petition as to these claims, and otherwise denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after the filed date of these Findings and Recommendations, Petitioner may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Any failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 12, 2020**

_____
UNITED STATES MAGISTRATE JUDGE

34