1

2

3

4

5

6

7

8                                 UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHRISTOPHER ALLAN TOBIN,                       No.  1:18-cv-01375-NONE-SAB

12                    Plaintiff,                     DEATH PENALTY CASE

13          v.                                       ORDER ADOPTING IN PART FINDINGS
                                                     AND RECOMMENDATIONS AND
14   RONALD DAVIS, Warden of San Quentin             DENYING RESPONDENT'S MOTION TO
     State Prison,                                   DISMISS WITHOUT PREJUDICE
15
                      Respondent.[1]                 (Doc. Nos. 29, 36)
16

17

18          Petitioner Christopher Allen Tobin, a state prisoner  convicted and sentenced to death in

19   the Tulare County Superior Court by judgment entered on April 24, 1990, proceeds through

20   appointed counsel, Assistant Federal Defenders Jonathan Samuel Sweeney and David Hare

21   Harshaw III, on the habeas corpus petition filed in this court pursuant to 28 U.S.C. § 2254 on

22   September 26, 2019.  The matter was referred to a United States Magistrate Judge pursuant to 28

23   U.S.C. § 636(b)(1)(B) and Local Rule 302.

24          Before the court is a motion filed on January 30, 2020, by counsel on behalf of respondent to

25   dismiss the pending petition on the grounds that twelve of the forty-one claims for relief asserted

26   therein are unexhausted.  (Doc. No. 29.)

27   ───────────────
     [1]  Ron Broomfield, Acting Warden of San Quentin State Prison, is substituted for Ronald Davis,
28   former Warden of San Quentin State Prison, pursuant to Federal Rules of Civil Procedure 25(d).

1      On August 13, 2020, the magistrate judge issued findings and recommendations

2  recommending that the court find as follows:  (1) that petitioner's claims XXVIII and XXXVII are

3  fully exhausted; (2) that petitioner's claims II, IV, VII, IX, XII, XVII, XXIII, XXV, XXXIX, and

4  XLI are not fully exhausted; (3) that petitioner is not presently entitled to the issuance of a stay and

5  abeyance with respect to his claim XVII pursuant to the decision in *Rhines v. Webber*, 544 U.S. 269,

6  277 (2005); and (4) that respondent's motion to dismiss should be granted as to petitioner's

7  unexhausted claims II, IV, VII, IX, XII, XVII, XXIII, XXV, XXXIX, and XLI, without prejudice to a

8  subsequent motion to amend the petition as to these claims brought by petitioner, and that

9  respondent's motion to dismiss otherwise be denied.  (Doc. No. 36 at 34.)

10      The findings and recommendations were served on the parties and contained notice that any

11  objection by petitioner was to be filed within thirty (30) days of the order's date of service.  (*Id.*)  On

12  September 14, 2020, petitioner timely filed objections to those findings and recommendations.  (Doc.

13  No. 37.)  Therein, petitioner conceded that the magistrate judge correctly found the above noted

14  claims have not been fully exhausted.  (*Id.* at 12–25.)  Nonetheless, petitioner objected to the

15  conclusion in the findings and recommendations that his return to state court to exhaust those claims

16  would not necessarily be futile and that therefore those claims should not be deemed to have been

17  exhausted.   Petitioner also objected to the magistrate judge's recommendation that his partially

18  exhausted claims IV, VII, and XXXIX should be dismissed in their entirety.  (*Id.* at 16, 19, 23.)

19      On September 18, 2020, the magistrate judge ordered that any objection by respondent to the

20  findings and recommendations and any response to objection by either party be filed within a

21  fourteen (14) day deadline.  (Doc. No. 38.)  On October 2, 2020, respondent timely filed a response

22  to petitioner's objections.  (Doc. No. 39.)  Therein, respondent discounted petitioner's futility

23  arguments, and contended that the pending petition must be dismissed unless petitioner deletes the

24  unexhausted claims from it, or the court grants stay and abeyance to allow petitioner to exhaust his

25  unexhausted claims in state court.  (Doc. No. 39 at 2–10.)  On October 16, 2020, petitioner replied to

26  respondent's response to his objections, arguing once again that futility should excuse exhaustion and

27  that his mixed claims should not be dismissed in their entirety and the court has considered that reply.

28  (Doc. No. 40.)

In accordance with the provisions of 28 U.S.C. § 636, the court has conducted a *de novo* review of the pending case.  Having carefully reviewed the entire file and for the reasons explained below, the court will:  (1) adopt in part, as supported by the record and proper analysis, the recommendation that petitioner's claims IV(D), VII(C [the portion alleging improper religious remarks by the prosecutor during the prosecution's penalty phase closing argument]), XXVIII and XXXVII are exhausted, petitioner's claims II, IV(E), VII(A, C [the portion alleging improper use of a demonstrative chart by the prosecutor during the penalty phase closing argument]), IX, XII, XVII, XXIII, XXV(C), XXXIX(A–G, K), and XLI are unexhausted, and petitioner's request for a stay and abeyance as to claim XVII under *Rhines* be denied without prejudice; (2) decline to adopt the recommendation that petitioner's claims II, IV, VII, IX, XII, XVII, XXIII, XXV, XXXIX, and XLI be dismissed, and deny without prejudice respondent's motion to dismiss; and (3) remand the matter to the magistrate judge for further proceedings on petitioner's request for a stay and abeyance pursuant to *Rhines*, to be filed by petitioner within sixty (60) days following the date of this order.

## DISCUSSION

Petitioner agrees that the findings and recommendations correctly concluded that his following claims were fairly presented to the state's highest court and are exhausted:

> Claim IV(D) alleging impermissible "constructive amendment" of the charging information.  (Doc. No. 37 at 16.)

> Claim VII(C) alleging improper religious remarks by the prosecutor, during the penalty phase closing argument.  (Doc. No. 37 at 19.)

> Claim XXVIII alleging ineffective assistance of trial counsel by the failure to challenge key evidence and witnesses, and by the failure to present exculpatory evidence.  (Doc. No. 37 at 23.)

> Claim XXXVII alleging legal and factual insufficiency of the evidence with respect to petitioner's convictions for robbery, burglary, and attempted rape.[2]  (Doc. No. 37 at 23.)

Petitioner concedes that the findings and recommendation correctly concluded that the

---

[2]  In his objections to the pending findings and recommendations, petitioner erroneously refers to claim XXXVII as claim XXXVIII.  (*See* Doc. No. 37 at 23.)

following claims were not fairly presented by him to the state's highest court:

Claim II alleging prosecutorial misconduct by the presentation of false expert opinion of ABO and PGM blood typing evidence. (Doc. No. 37 at 12.)

Claim IV(E) alleging entitlement to relief under changed state law of felony murder and aider-abettor liability, promulgated by California SB 1437.[3] (Doc. No. 37 at 16.)

Claim VII(A) alleging improper remarks by the prosecutor regarding the character and health of prosecution witness Warren Gilliland, during the guilt phase opening statement. (Doc. No. 37 at 19.)

Claim VII(C) alleging the improper use by the prosecutor of a demonstrative chart depicting prior criminal acts by co-defendant Richard Lacy Letner, during the penalty phase closing argument. (Doc. No. 37 at 19.)

Claim IX alleging ineffective assistance of trial counsel, and trial court error, by failure to adequately examine potential jurors during death qualification. (Doc. No. 37 at 19.)

Claim XII alleging trial court error during death qualification. (Doc. No. 37 at 20.)

Claim XVII alleging constructive denial of counsel as a result of the trial court's *sua sponte* allowance of the withdrawal of trial counsel during sentencing deliberations, and replacement of petitioner's counsel with a public defender. (Doc. No. 37 at 20.)

Claim XXIII alleging ineffective assistance of trial counsel by failure to challenge charged Count 1 on jurisdictional and double jeopardy grounds. (Doc. No. 37 at 21.)

Claim XXV(C) alleging ineffective assistance of trial counsel by failure to investigate and confront the blood type and PGM evidence referred to in claim II. (Doc. No. 37 at 22.)

Claim XXXIX(A–G, K) alleging that California's death penalty system violates the Eighth Amendment. (Doc. No. 37 at 23.)
Claim XLI alleging cumulative error arising from all of the unexhausted claims. (Doc. No. 37 at 25.)

---

[3] Effective January 1, 2019 to amend Penal Code §§ 188 and 189 and add Penal Code § 1170.95. All references to state law are to California law, unless otherwise noted.

1       Petitioner agrees with the recommendation that a return to state court to exhaust his

2   unexhausted claim IV(E) would not be futile.  (Doc. No. 37 at 16.)  However, petitioner objects

3   on multiple grounds to the magistrate judge's finding that futility does not excuse his failure to

4   exhaust the above-noted claims II, VII(A, C), IX, XII, XVII, XXIII, XXV(C), XXXIX(A–G, K),

5   and XLI.  (*See* Doc. No. 37 at 12–25) (citing 28 U.S.C. §§ 2254(b)(1), (c)).

6       First, petitioner objects that some of his unexhausted claims would be procedurally barred

7   in state court, rendering futile any attempt to exhaust them in state court at this time.  Petitioner

8   argues that claims VII(A, C), XII and XVII are subject to the procedural bar of *Ex Parte Dixon*

9   because these claims could have been, but were not raised in his direct appeal filed on November

10   1, 2002, Case No. S015384, wherein the California Supreme Court affirmed judgment of

11   conviction and sentence, *People v. Richard Lacy Letner and Christopher Allan Tobin*, 50 Cal. 4th

12   99 (2010).  (*See* Doc. No. 37 at 19–21) (citing *Dixon,* 41 Cal.2d 756, 759 (1953) ("[t]he general

13   rule [is] that habeas corpus cannot serve as a substitute for an appeal, and, in the absence of

14   special circumstances constituting an excuse for failure to employ that remedy, the writ will not

15   lie where the claimed errors could have been, but were not, raised upon a timely appeal from a

16   judgment of conviction."); *see also Park v. California*, 202 F.3d 1146, 1149 (9th Cir. 2000)

17   ("*Dixon* stands for the proposition that an inexcusable failure to bring a trial-error claim on direct

18   appeal normally bars consideration of that claim on habeas.").

19       Petitioner next contends that his claims II, IX, XXIII, XXV(C) are subject to the procedural

20   bar of *In re Clark* and *In re Robbins* because they could have been, but were not raised in his state

21   habeas petition filed on March 26, 2007, *In re Christopher Allan Tobin,* Case No. S151243,

22   summarily denied on September 26, 2018.  (*See* Doc. No. 37 at 12–16, 19–24) (citing *In re Clark*, 5

23   Cal. 4th 750, 759 (1993), *superseded by statute as stated in Briggs v. Brown*, 3 Cal. 5th 808 (2017)

24   (generally, absent justification for the failure to present all known claims in a single, timely petition

25   for a writ of habeas corpus, successive or untimely petitions will be summarily denied); *In re*

26   *Robbins*, 18 Cal. 4th 770, 780 (1998) ("[A] habeas corpus petition is not entitled to a presumption of

27   timeliness if it is filed more than 90 days after the final due date for the filing of appellant's reply

28

1    brief on the direct appeal.[4]  In such a case, to avoid the bar of untimeliness with respect to each claim,

2    the petitioner has the burden of establishing (i) absence of substantial delay, (ii) good cause for the

3    delay, or (iii) that the claim falls within an exception to the bar of untimeliness.").  Thus, petitioner

4    argues that his claims II, VII(A, C), IX, XII, XVII,  XXIII, and XXV(C) should be deemed exhausted

5    by virtue of these procedural bars.  (*See* Doc. No. 37 at 12–16, 19–24); *see also Castille v. Peoples*,

6    489 U.S. 346, 351 (1989) (procedurally barred claims may be deemed exhausted).

7          Petitioner's pending objections, however, fail to demonstrate that the findings and

8    recommendations are incorrect in concluding that the unpresented claims, even if procedurally

9    defaulted, should not be deemed exhausted in light of the fact that petitioner may yet present those

10   allegations in and seek relief on them from the state court.  (*See* Doc. No. 36 at 10, 16, 18, 19, 21, 25,

11   32) (citing 28 U.S.C. § 2254(b)(1), (c)); *Clark*, 5 Cal. 4th, at 797–98; *Robbins*, 18 Cal. 4th, at 780–

12   81; *In re Jack Wayne Friend*, No. S256914 (Cal. Sep. 11, 2019) (petition for review granted to

13   address issues including the meaning of successive petition under Penal Code § 1509(d)); *see also*

14   *Seumanu v. Davis*, No. 17-cv-05483-RS, 2019 WL 1597518, at *2 (N.D. Cal. Apr. 15, 2019) ("The

15   California Supreme Court upheld the validity of Proposition 66 in *Briggs v. Brown*, 3 Cal. 5th 808

16   (2017), but explicitly reserved 'as-applied' challenges to the statute by individual prisoners.").

17         Procedural default alone is not dispositive as to claim exhaustion but rather is a related, but

18   different, inquiry from the question of exhaustion.  A habeas petitioner is required to exhaust any

19   remedies available in the courts of the State.  28 U.S.C. § 2254(b).  Procedural default, on the other

20   hand, places constraints on the district court's ability to consider the merits of a claim for federal

21   habeas relief.  *Sawyer v. Whitley*, 505 U.S. 333, 338 (1992); *see also Coleman v. Thompson,* 501 U.S.

22   722, 729–30 (1991) (when a state court rejects a federal claim based upon the violation of a state

23   procedural rule which is (1) "adequate" to support the judgment and (2) "independent" of federal law,

24   /////

---

25   [4]  California Supreme Court policies provide that in capital cases, a petition for writ of habeas
26   corpus will be presumed to be filed without substantial delay if it is filed within 180 days after the
     final due date for the filing of appellant's reply brief on the direct appeal or within 36  months
27   after appointment of habeas corpus counsel, whichever is later.  *See* Supreme Court Policies
     Regarding Cases Arising From Judgments of Death, Policy 3, std. 1-1.1, as amended effective
28   November 30, 2005.

1    a habeas petitioner has procedurally defaulted his claim); *Hurles v. Ryan*, 752 F.3d 768, 779–80 (9th

2    Cir. 2014) (same).

3         While procedural default might foreclose a petitioner's access to state habeas remedies, the

4    pending findings and recommendations are not in error by concluding that exhaustion of habeas

5    claims in state court is not excused due to the possible applicability of procedural default where, as

6    here, the petitioner may still have a remedy available to him in the state court.  28 U.S.C. § 2254(c);

7    *see also Coleman*, 501 U.S., at 731–32 (a petitioner who has procedurally defaulted his federal claims

8    meets the technical requirements for exhaustion when state remedies are no longer available to him);

9    *Cassett v. Stewart*, 406 F.3d 614, 621 n.5 (9th Cir. 2005) (the exhaustion requirement is distinct from

10   the procedural default rule, the exhaustion doctrine applies when the state court has never been

11   presented with an opportunity to consider a petitioner's claims and that opportunity may still be

12   available under state law; the procedural default rule bars consideration of a federal claim found by

13   the state court to be procedurally barred, or if it is clear that the state court would hold the claim

14   procedurally barred); *Stanley v. Ayers*, No. 3:07-cv-04727-EMC, 2017 WL 2224815, at *9 (N.D. Cal.

15   May 22, 2017) (same).

16        While the United States Supreme Court and the Ninth Circuit have recognized the futility

17   doctrine in the context of the exhaustion requirement, the contours of any application of the futility

18   exception to the exhaustion requirement are not clear.  The Supreme Court has observed a

19   presumption of deemed exhaustion by futility based on facts then before it in a particular case.  *See*

20   *Lynce v. Mathis*, 519 U.S. 433, 436 n.4 (1997) (excusing a petitioner from presenting his *Ex Post*

21   *Facto* Clause claim to the highest state court where that court had rejected the identical claim in

22   another case); *see also Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (the [28 U.S.C.

23   § 2254(b)(1)(B)(i)] exception applies "if the corrective process is so clearly deficient as to render

24   futile any effort to obtain relief.").

25        The Ninth Circuit has also on occasion recognized futility as an excuse for exhaustion.  *See*

26   *Sweet v. Cupp*, 640 F.2d 233, 236 (9th Cir. 1981) (acknowledging that "petitioner may be excused

27   from exhausting state remedies if the highest state court has recently addressed the issue raised in the

28   petition and resolved it adversely to the petitioner, in the absence of intervening United States

7

Supreme Court decisions on point or any other indication that the state court intends to depart from its prior decisions[.]").  Even so, the Ninth Circuit in *Sweet* observed that a claim denied on procedural grounds in state court is not exhausted where the petitioner can still use appropriate procedures to afford the state courts the initial opportunity to address the claim on the merits.  *Sweet*, 640 F.2d at 237–38.  Moreover, the Supreme Court has called into question the continuing viability of *Sweet*, holding that alleged futility in complying with a state procedural rule does not alone constitute "cause" for the granting of relief from procedural default.  *Engle v. Isaac*, 456 U.S. 107, 130 (1982).  The Ninth Circuit has acknowledged as much, without itself expressly overruling *Sweet*. *See Alfaro v. Johnson*, 862 F.3d 1176, 1180 (9th Cir. 2017); *see also Noltie v. Peterson*, 9 F.3d 802, 805–06 (9th Cir. 1993) (citing *Roberts v. Arave,* 847 F.2d 528, 530 (9th Cir.1988)) (petitioners must properly exhaust their claims by presenting them to the state's highest appellate court even if doing so appears futile)); *LaGrand v. Stewart*, 173 F.3d 1144, 1147–48 (9th Cir. 1999) (observing the futility doctrine has met with disfavor following *Engle*); *Deters v. Collins,* 985 F.2d 789, 795 (5th Cir. 1993) (quoting *Ex Parte Hawk,* 321 U.S. 114, 118 (1944)) (the exhaustion requirement is excused only in those "rare cases where exceptional circumstances of peculiar urgency mandate federal court interference.").

Not surprisingly, the futility doctrine has been narrowly applied by judges of this district and other district judges within the Ninth Circuit.  *See e.g.*, *Speight v. Davey*, No. 2:15-cv-00209-TLN-DB (HC), 2017 WL 75797, at *4 (E.D. Cal. Jan. 9, 2017) (observing the futility doctrine has been narrowly applied, but finding futility where the state court had addressed the same issue in the same case), *report and recommendation adopted*, No. 2:15-cv-00209-TLN-DB (HC), 2017 WL 784993 (E.D. Cal. Mar. 1, 2017); *Taylor v. King*, No. 2:12-cv-08764-CJC-SP, 2012 WL 7145708, at *2 (C.D. Cal. Dec. 10, 2012) (citing *Engle,* 456 U.S. at 130) (recognizing that both the United States Supreme Court and the Ninth Circuit have narrowly applied the futility exception), *report and recommendation adopted*, No. 2:12-cv-08764-CJC-SP, 2013 WL 571803 (C.D. Cal. Feb. 7, 2013); *Bray v. Belleque*, No. 6:03-cv-1762-TC, 2012 WL 1409328, at *3 (D. Or. Apr. 19, 2012) (the United States Supreme Court has repeatedly criticized and rejected the futility doctrine).  Notably, futility is viewed as a principle most appropriately applied where purely legal issues are raised.  *See Noltie*, 9

1  F.3d at 806 ("The case for the futility doctrine is most compelling where the question is one of pure

2  law, and the circumstances of the individual case are largely irrelevant.").  Finally, such deference to

3  state courts comports with the principle that the federal courts should abstain from interfering in

4  ongoing state proceedings.  *Younger v. Harris*, 401 U.S. 37, 43–44 (1971).

5          Here, the pending findings and recommendations are not in error in finding that petitioner's

6  unexhausted claims may yet be redressable in state court.  *See Phillips v. Woodford*, 267 F.3d 966,

7  974 (9th Cir. 2001) (citing *Harris v. Reed,* 489 U.S. 255, 268 (1989) (O'Connor, J., concurring))

8  ("[I]n determining whether a remedy for a particular constitutional claim is 'available,' the federal

9  courts are authorized, indeed required, to assess the likelihood that a state court will accord the

10  habeas petitioner a hearing on the merits of his claim.").  For example, the unexhausted claims, each

11  of which incorporates all of petitioner's allegations in his federal petition, implicate factual and

12  mixed-fact issues relating to matters of  investigation, development and presentation of the trial

13  defense; forensic evidence; witness credibility; juror bias; trial counsel conflict and abandonment;

14  and evolving norms, practices, and metrics surrounding California's death penalty process.

15          These fact-based issues, in turn, relate to matters of claim availability, ineffectiveness of

16  counsel, and fundamental fairness in the context of petitioner's claimed actual innocence, which may

17  be considered by the state court in affording relief.[5]  *See In re Reno*, 55 Cal. 4th 428, 472 (2012)

18  ("[T]he magnitude and gravity of the penalty of death persuades us that the important values which

19  justify limits on untimely . . . petitions are outweighed by the need to leave open . . . relief [pursuant

20  to the *Clark/Robbins* exceptions]"); *see also Lee v. Kemna*, 534 U.S. 362, 376 (2002) (substantial

21  compliance with a state procedural rule might be enough to avoid a procedural bar); *Reiger v.*

22  *Christensen*, 789 F.2d 1425, 1431 (9th Cir. 1986) (same); *cf. Matias v. Oshiro*, 683 F.2d 318, 320

23  (9th Cir. 1982) ("A federal habeas petitioner need not pursue speculative or purely conjectural state

24  /////

25  /////

26

---

27  [5]  The court observes that each paragraph in the pending federal habeas petition, including the
    claim I allegations of petitioner's actual innocence, is incorporated into each claim therein.  (Doc.
28  No. 22 at 62.)

1   remedies"). The California Supreme Court has simply not yet been presented with and considered

2   such matters in this case.[6]

3            Petitioner's argument that his unexhausted claims relate to facts in the record is not by itself a

4   basis upon which to find exhaustion to be futile for the reasons stated. Likewise, petitioner's surmise

5   that the California Supreme Court likely would not excuse his exhaustion of claims that were

6   procedurally defaulted due to counsel's mere ineffective assistance, falls short. (*See* Doc. No. 37 at

7   13–14); *see also In re Sanders*, 21 Cal.4th 697, 701 n.1 (1999) (the state supreme court expressly did

8   not reach the question whether some action or inaction by counsel short of the abandonment that

9   occurred here could also constitute good cause in excuse of procedural default).

10           Furthermore, because a return to state court to exhaust the claims in question is not futile,  the

11  findings and recommendations correctly concluded that the cumulative prejudice alleged by

12  petitioner in his claim XLI may yet provide an avenue for relief available to him in state court. *See*

13  *e.g.*, *Reno*, 55 Cal. 4th at 485 (error from any legitimately new claim, when combined with alleged

14  error from claims previously raised, might justify relief).

15           Finally, petitioner's argument that the pending findings and recommendations erroneously

16  rely on the decision in *In re Gomez*, 45 Cal. 4th 650, 655 (2009), as a basis upon which not to find

17  futility arising from his procedural default of his unexhausted claims, lacks merit. (*See* Doc. No. 37

18  at 15, 19.) As a threshold matter, the magistrate judge did not rely upon *Gomez* in reaching his

19  conclusions, but rather merely referred to respondent's argument that:

20                  [E]ven if [petitioner's] continued delay in filing in state court may
                    result in procedural default, he still cannot proceed in this [c]ourt
21                  without first going to state court for relief from default or denial of
                    the claim based upon default. ([Doc.] No. 33 at 7, citing *In re*
22                  *Gomez*, 45 Cal. 4th 650, 655 (2009) (state court will provide a
                    remedy on collateral review of a final judgment if that remedy
23                  would be available in the federal courts).

24  (Doc. No. 36 at 9; *see also* Doc. No. 37 at 15, 19.) Even had the findings and recommendations

25  relied upon *Gomez*, that alone would not have been erroneous. In *Gomez*, the California Supreme

26  _____

27  [6] The California Supreme Court has observed that allegations stating why a seemingly applicable
    procedural bar might not apply, or as excuse therefrom, are to be included in an exhaustion
    petition. *See Reno*, 55 Cal. 4th at 458 n.15. Of course, here, petitioner has not presented an
28  exhaustion petition.

                                        10

1   Court, in considering whether a state sentence was impacted by the retroactive application of

2   subsequent Supreme Court authority pursuant to *Teague v. Lane*, 489 U.S. 288 (1989), recognized, as

3   the magistrate judge found on the facts and circumstances of this case, that remedies may be available

4   on state court collateral review to redress federal claims for relief. *Gomez*, 45 Cal. 4th at 655.

5          As recognized in this case, petitioner has not yet attempted to explain and justify his potential

6   procedural default(s) of his unpresented and unexhausted claims to the state high court. Specifically,

7   the California Supreme Court has not yet considered the above noted related factual and mixed-fact

8   issues and nonetheless found unexcepted procedural default, thereby foreclosing the granting of state

9   habeas relief. *See Castille*, 489 U.S. at 350 (citing *Brown v. Allen*, 344 U.S. 443, 448–49, n.3 (1953))

10  (once the state courts have ruled upon a claim, it is not necessary for a petitioner "to ask the state for

11  collateral relief, based upon the same evidence and issues already decided by direct review); *Johnson*

12  *v. Lewis*, 929 F.2d 460, 463–64 (9th Cir. 1991) (there is no futility where the state court may decide

13  its procedural rule does not bar relief as to a federal claim); *see also U.S. ex rel. Bagley v. LaValee*,

14  332 F.2d 890, 892 (2d Cir. 1964) (even if there were some doubt as to availability of relief in New

15  York state court, federal court of appeals would give state court first chance to review errors alleged

16  by state prisoner, in absence of authoritative showing that no further relief was available to the

17  prisoner in state courts); *Roman v. DiGuglielmo*, 675 F.3d 204, 209 (3d Cir. 2012) (a petitioner must

18  show the state remedy is so clearly foreclosed by state law that a federal court can conclude with

19  certainty the state courts afford no recourse for the claim). Moreover, the conclusion reached in the

20  pending findings and recommendations that exhaustion is not futile on grounds of procedural default

21  is consistent with the Supreme Court's admonishment that comity demands state court exhaustion.

22  *See Coleman*, 501 U.S. at 731; *accord Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v. Sunn*, 854

23  F.2d 1158, 1163 (9th Cir.1988); *Picard v. Connor*, 404 U.S. 270, 275 (1971).

24         For all of these reasons, the court finds unpersuasive petitioner objection to the findings and

25  recommendation based upon his argument that some of his unexhausted claims would be

26  procedurally barred in state court thereby rendering any attempt to exhaust them in state court futile.

27         Second, petitioner objects on the grounds that exhaustion proceedings in state court on his

28  claims XXIII and  XXXIX(A–G, K) would be futile because recent and repeated state court

1    decisions, in this and other cases, have denied relief on the very grounds asserted in these claims, and

2    respondent has not suggested any reason to believe the state court now would rule differently.  (*See*

3    Doc. No. 37 at 21–25) (citing cases); *see also Castille*, 489 U.S. at 350 (petitioner need not seek state

4    collateral relief on a claim arising from the same evidence and issues already decided on direct

5    review).  Petitioner argues the futility doctrine as adopted by the Ninth Circuit in *Sweet* remains

6    authority for the proposition that prior state court decisions adverse to petitioner are sufficient to

7    excuse his exhaustion of his claims XXIII and XXXIX(A–G, K) in state court.  (*See* Doc. No. 37 at

8    21–22, 24–25.)

9         The undersigned concludes that the pending findings and recommendations correctly relied on

10   the decision in *Engle* to question the continuing viability of *Sweet* and by discounting the decision in

11   *Lynce* as contrary authority.  (*See* Doc. No. 37 at 22.)  As discussed above, the Supreme Court and

12   the Ninth Circuit have both recognized that in *Engle* the court called into question the futility doctrine

13   as espoused by the Ninth Circuit in *Sweet*.  Although, as petitioner observes, the court in *Engle*

14   considered and rejected futility in the context of "cause" for the granting of relief from state

15   procedural default rather than as excusing the exhaustion of claims in state court, the availability of

16   state court remedies relied upon by the court in *Engle* in rejecting futility, nonetheless precludes a

17   finding of futility in the context of state exhaustion.  28 U.S.C. § 2254(c).  Moreover, "the terms

18   cause and actual prejudice . . . take their meaning from the principles of comity and finality[.]"

19   *Engle*, 456 U.S. at 135.  These same principles underlie the futility doctrine.  *See e.g.*, *Coleman*, 501

20   U.S. at 731.

21        Additionally, the pending findings and recommendations correctly found that petitioner has

22   failed to establish that California court precedent precludes the granting of relief based upon the legal

23   theories and operative facts alleged in his claims XXIII and XXXIX(A–G, K).  (*See* Doc. No. 36 at

24   24, 32); *see also Noltie,* 9 F.3d at 806 (rejecting petitioner's futility argument where issue raised by

25   petitioner, albeit similar to one resolved by the state supreme court, could not be characterized as

26   factually similar enough for the court to say with certainty that presentation of the claim would have

27   been futile).  As noted above, a finding of futility is disfavored.  Here, the magistrate judge correctly

28   observed that the instant operative factual allegations may distinguish petitioner's unpresented and

unexhausted claims from those considered in prior state court decisions.  (*See* Doc. No. 36 at 24, 32);
*see also Engle*, 456 U.S. at 130 ("If a defendant perceives a constitutional claim and believes it may
find favor in the federal courts, he may not bypass the state courts simply because he thinks they will
be unsympathetic to the claim.  That the state court may previously have considered record facts in
the context of an unpresented legal theory is not persuasive otherwise.  Even a state court that has
previously rejected a constitutional argument may decide, upon reflection, that the contention is
valid."); *Bousley v. U.S.,* 523 U.S. 614, 623 (1998) (citing *Engle*, 456 U.S. at 130).

Petitioner has not yet attempted to explain and justify his claims XXIII and XXXIX(A–G, K)
in state court in the context of state court precedent.  The California Supreme Court has not yet
considered the related factual and mixed-fact issues raised by these claims and concluded that these
claims are barred by precedent.  Here again, the finding that exhaustion of these claims in state court
cannot be said to be futile on grounds of prior state court precedent is consistent with the Supreme
Court's admonishment that comity demands state court exhaustion.  *See Coleman,* 501 U.S. at 731.
Accordingly, the court also finds this objection to the findings and recommendations to be
unavailing.

Finally, petitioner objects "to the complete dismissal of any claim, when only a portion of that
claim is unexhausted."  (Doc. Nos. 37 at 16, n.1; 40 at 4–5.)  As discussed below, the court finds
good cause to deny respondent's motion to dismiss without prejudice, and to remand this matter to
the magistrate judge for further proceedings with respect to exhaustion and stay and abeyance of the
federal petition.

In addition to his specific objections, petitioner requests that this action be referred back to the
magistrate judge to provide petitioner an opportunity to move for a stay and abeyance of his claim
IV(E) and any other unexhausted claim pursuant to *Rhines*.  (*See* Doc. No. 37 at 16–18, 25.)  In
particular, petitioner argues that, as to his claim IV(E) and pursuant to *Rhines*, he will be able to
show:  (1) good cause for failure to exhaust this previously unavailable claim; (2) the potentially
meritorious nature of the claim, that he was convicted and sentenced pursuant to an unconstitutional
theory of criminal liability—vicarious negligence; and (3) his diligence in seeking federal habeas
/////

1   relief, including compliance with this court's case management requirements.  (*See* Doc. No. 37 at

2   16–18.)

3       Respondent has responded to this request stating that "[he] will address whether stay and

4   abeyance is appropriate in response to the formal motion that [petitioner] indicates he will file."

5   (Doc. No. 39 at 10 n.2.)

6       The court finds good cause to refer this matter back to the magistrate judge for further

7   proceedings on a request for stay and abeyance pursuant to *Rhines*, to be filed by petitioner not later

8   than sixty (60) days following the date this order is filed.

9       Accordingly,

10   1.   The findings and recommendations issued on August 13, 2020 (Doc. No. 36) are adopted

11        in part:

12        a.   Claims IV(D), VII(C [the portion alleging improper religious remarks by the

13             prosecutor during the penalty phase closing argument]), XXVIII and XXXVII are

14             found to be exhausted;

15        b.   Claims II, IV(E), VII(A, C [the portion alleging the improper use of a demonstrative

16             chart by the prosecutor during the penalty phase closing argument]), IX, XII, XVII,

17             XXIII, XXV(C), XXXIX(A-G, K), and XLI are found to be unexhausted; and

18        c.   Petitioner's request for stay and abeyance of this federal habeas action with respect to

19             his claim XVII pursuant to the decision in *Rhines* be denied without prejudice;

20   2.   The court declines to adopt the remainder of the findings and recommendations issued on

21        August 13. 2020 (Doc. No. 36);

22   3.   The court denies without prejudice respondent's motion to dismiss (Doc. No. 29); and

23   4.   This case is referred back to the assigned magistrate judge for further proceedings on a

24        motion for stay and abeyance pursuant to *Rhines*, to be filed by petitioner by not later than

25        sixty (60) days following the date this order is filed.

26   IT IS SO ORDERED.

27       Dated:   __**April 26, 2021**__     _____

28                                           UNITED STATES DISTRICT JUDGE

14